SETH D. HILTON (SB# 181899)
*sdhilton@stoel.com*
STOEL RIVES LLP
980 Ninth Street, Suite 1900
Sacramento, CA 95814
Telephone (91 6) 319-4744
Fax: (916) 447-4781
Attorney For Proposed Intervenor-Defendant
Gowan Company

BETH S. GINSBERG (WSBA# 18523)
*bsginsberg@stoel.com*
*(Pro Hac Vice Pending)*
JASON T. MORGAN (WSBA# 38346)
*jtmorgan@stoel.com*
*(Pro Hac Vice Pending)*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Counsel for Gowan Company

LYNN L. BERGESON (D.C.# 320796)
*lbergeson@lawbc.com*
*(Pro Hac Vice Pending)*
BETHAMI AUERBACH(D.C. # 221556)
*bauerbach@lawbc.com*
*(Pro Hac Vice Pending)*
BERGESON & CAMPBELL, P.C.
1203 Nineteenth Street, N.W., Suite 300
Washington, D.C. 20036-2401
Telephone: (202) 557-3800
Facsimile: (202) 557-3836
Counsel for Gowan Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al, <br><br> Defendants. | Case No. C-08-01814 MHP <br><br> **NOTICE OF MOTION, UNOPPOSED MOTION OF GOWAN COMPANY FOR LEAVE TO INTERVENE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date: July 7, 2008 <br> Time: 2:00 pm <br> Dept: Courtroom 15, 18th Floor <br> Judge: Hon. Marilyn H. Patel |

PLEASE TAKE NOTICE THAT, on July 7, 2008 at 2:00 pm, before the Honorable Marilyn H. Patel, United States District Judge, Courtroom 15, 18th Floor, 450 Golden Gate Ave. San Francisco, CA 94102, Gowan Company ("Gowan"), by and through their undersigned attorney and pursuant to Rules 24(a)(2) and 24(b)(2) of the Federal Rules of Civil Procedure, will move this Court for leave to intervene as a defendant in the above-captioned matter. Gowan contacted Plaintiffs' counsel, Kristen Boyles, who has consented to this motion, and Defendant EPA's Department of Justice counsel Leslie Hill, who expresses no opposition to the motion.

For the reasons set forth in the attached Memorandum of Points and Authorities and the accompanying Declaration of Cindy Baker, Gowan, the registrant of technical oxydemeton-methyl ("ODM"), and the sole registrant of technical methidathion, has a direct interest in the U.S. Environmental Protection Agency's ("EPA") decision to issue a re-registration eligibility determination ("RED") for both ODM and methidathion, and in resolution of Plaintiffs' challenge to those determinations. Gowan's Motion seeks an order pursuant to Fed. R. Civ. P. 24, granting it status as an intervenor-defendant to protect those interests.

DATED: June 2, 2008.

STOEL RIVES LLP

By: /s/ SETH D. HILTON, ESQ.
SETH D. HILTON (SB# 181899)
Attorneys for Intervenor-Defendant
Gowan Company

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND               -2-                      08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

## I. INTRODUCTION

Gowan is the sole United States registrant under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") of ODM, the active ingredient in crop protection end-use products marketed under the trade name of MSR®, for which Gowan also holds registrations. Baker Dec. at ¶5. Gowan is also the sole FIFRA registrant for technical methidathion, the active ingredient in crop protection end-use products marketed under the trade name of Supracide®, for which Gowan also holds registrations. *Id.* at ¶4.

Plaintiffs challenge EPA's "re-registration" processes under FIFRA and the Endangered Species Act ("ESA") for a number of organophosphate pesticides including ODM, and methidathion, alleging that EPA has authorized various uses to continue, based purportedly upon a flawed risk-benefit analysis and upon incomplete or missing effects analyses under section 7(a)(2) of the ESA, 16 U.S.C. § 1536 (a)(2). Plaintiffs ask this Court to order EPA to undertake new REDs, to consult under ESA section 7(a)(2) concerning the effects of its re-registration decision on listed threatened and endangered species, and to order interim protective measures to prevent harm to listed species and their designated critical habitat until the ESA section 7(a)(2) process has been completed.

Accordingly, Gowan seeks to intervene because this lawsuit jeopardizes Gowan's significant interest in its federal registrations for ODM and methidathion and in the substantial business it conducts based on those registrations. These interests are not adequately protected by any other party; Plaintiffs seek to restrict the permissible uses of ODM and methidathion under Gowan's registrations, and Defendant EPA is a federal agency whose implementation of its mandate under FIFRA is intended to serve public interests extending beyond those of an individual registrant.

## II. BACKGROUND

EPA regulates the domestic sale and use of pesticides under FIFRA. No pesticide may be sold or used in the United States without an EPA-issued registration. 7 U.S.C. § 136a(a). To obtain a registration (or re-registration) of a pesticide, an applicant must submit data to EPA

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND
UNOPPOSED MOTION TO INTERVENE     -1-     08-01814-MHP
AND SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

showing that its product will not cause "unreasonable adverse effects on the environment." 7 U.S.C. § 136a(c)(5). Section 4 of FIFRA requires that pesticides initially registered before November 1, 1984, such as ODM, must be re-registered to ensure that they can continue to be used without posing unreasonable risks to human health or the environment when used in accordance with their respective EPA-approved label directions and precautions. 7 U.S.C. § 136a-1(a). EPA's determination as to a pesticide's eligibility for re-registration is presented in the form of RED. 7 U.S.C. § 136a-1(g)(2).

Methidathion serves a small but critical niche market. Baker Dec. at ¶4. The sales of methidathion are primarily for dormant tree uses, citrus, artichokes and alfalfa. *Id.* Methidathion is the most efficacious product in controlling scale in trees and one of the only products available to effectively control plume moth in artichokes. *Id.*

ODM, which has been used safely in agriculture for nearly forty years, is the most effective product that provides sufficient control of the lettuce aphid. Baker Dec. at ¶¶ 5 and 10. Small amounts of ODM are used on other field crops and to control alfalfa pests. *Id* at ¶5. Gowan's FIFRA registration grants it the right to manufacture, formulate, distribute, and sell ODM in accordance with its terms. ODM was originally registered in 1961 for manufacturing use, in 1962 for use on ornamentals, and in 1964 for pest control in food crops. *Id.* at ¶6.

Methidation was originally registered in 1972 for use on a variety of crops, including alfalfa, citrus, and cotton. Complaint at ¶40.

After purchasing the methidathion and ODM assets and registrations, Gowan has assumed, at considerable cost and financial risk, the regulatory responsibilities for keeping its ODM and methidathion products available to specialty crop growers. *Id* at ¶¶ 6 and 8. Among these was the substantial effort involved in developing the data required by EPA to support the re-registrations of ODM and methidathion and provide the basis for EPA to determine their approved uses. *Id.* Gowan participated actively in the re-registration proceedings in good faith, investing millions of dollars in numerous, rigorously-conducted studies to investigate the safety of both products to health and the environment. *Id.* The multi-year re-registration process, including exhaustive EPA review of the study data, resulted in EPA's issuance of an ODM

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND                -2-                    08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

Interim Re-registration Eligibility Decision (IRED) in August 2002 and a April 2002 IRED for methidathion. EPA issued a RED for ODM and methidathion in July 2006.

In the years since the IREDs were issued, Gowan has continued to invest significantly in regulatory and development support for these products. *Id.* at ¶¶ 6 and 8. Gowan is committed, also, to the proper application and handling of these products through the development and dissemination of federally-approved label information. In taking all necessary steps to support the re-registration of ODM, Gowan and its customers now reasonably rely on the outcome of that process. *Id.* at ¶ 9. Revisiting of the re-registration for ODM and methidahion, as Plaintiffs seek, and any after-the-fact restriction or limitation on their registration or marketability would have a devastating impact on Gowan's business. *Id.* at ¶ 8.

## III. ARGUMENT

### A. Gowan Is Entitled To Intervene As Of Right

Gowan meets the criteria for intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has established a four-part test that a prospective intervenor as of right must satisfy. Under this test, (1) the applicant for intervention must timely move to intervene; (2) the applicant must have a significant, protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the its ability to protect that interest; and (4) the applicant's interest may not be adequately represented by existing parties to the action. *U.S. v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Rule 24 traditionally receives liberal construction in favor of an applicant for intervention. *City of Los Angeles*, 288 F.3d at 398; *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810,

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND                    -3-                             08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

818 (9th Cir. 2001). Because Gowan satisfies all of the requirements set forth in Rule 24(a)(2), it should be permitted to intervene in this lawsuit on the basis of right.

### 1. Gowan's Motion Is Timely

In evaluating the timeliness of an intervention motion, courts in the Ninth Circuit consider three factors: (1) the stage of the proceedings; (2) the prejudice to the other parties; and (3) the reasons for and length of the delay, if any. *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 2007).

This lawsuit was filed on April 4, 2008. The initial case management conference is scheduled for July 14, 2008. There has been no discovery, no party has yet intervened in this case, EPA, has not yet filed its answer (due on June 4, 2008), and no rulings on dispositive motions has issued. Accordingly, Gowan has not delayed in filing its motion to intervene, and, as its proposed answer demonstrates, its intervention would not introduce new issues into the case. As granting Gowan's motion at this stage of the proceeding would not prejudice any of the parties who have either consented to or do not oppose Gowan's intervention, or cause undue delay, the timeliness factor is clearly satisfied. *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (timeliness undisputed when application for intervention filed at outset of litigation before EPA has filed its answer).

### 2. Gowan Has A Significantly Protectable Interest That May Be Impaired or Impeded by Disposition of this Case

The second and third tests supporting intervention as of right are satisfied, respectively, when the prospective intervenor "claims an interest relating to the property or transaction which is the subject of the action" and "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a)(2). These two criteria are linked, and Gowan meets them both.

Plaintiffs seek to modify EPA's re-registration decisions for ODM and methidathion, arguing that EPA acted contrary to FIFRA in allowing their continued uses that Plaintiffs believe pose unacceptable risks to agricultural workers. Plaintiffs also challenge EPA's determination of the risks and benefits deriving from such uses, as well as the data underlying EPA's exposure

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND        -4-        08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

assessment. If Plaintiffs' prayer for relief is granted, EPA would be ordered to undertake a new RED for these products on terms specified by Plaintiffs. Certain uses may be curtailed or amended pending completion of any court ordered consultation pursuant to ESA section 7(a)(2). Gowan and the farmers who use its products would be unable to rely on EPA's decisions despite Gowan's substantial efforts in developing the required data, EPA's lengthy and exacting review process, and the participation of many interested persons.

The Rule 24(a)(2) requirement of a significantly protectable interest is generally satisfied when "the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Donnelly,* 159 F.3d at 409; *see also Sierra Club,* 995 F.2d at 1484. Once a prospective intervenor's legally protectable interest is demonstrated, its "significance" may be established on a showing that the relief sought by the plaintiff will have direct, immediate, and harmful effects upon that interest. *Southwest Center for Biological Diversity,* 268 F.3d at 818 (citing *Forest Conservation Council v. U. S. Forest Service,* 66 F.3d 1489, 1494 (9th Cir. 1993)).

In this case, Gowan's EPA-issued FIFRA registrations for ODM and methidathion are the "properties and transactions" affected by the relief sought in this action, as is its business in the manufacture and sale of these products, which it has built on the foundation of those federal registrations. Gowan's federal registrations are government licenses protectable under FIFRA. On analogous facts, the Ninth Circuit held that the City of Phoenix as the holder of a National Pollutant Discharge Elimination System (NPDES) permit under the Clean Water Act (CWA), had a "protectable" interest under Rule 24(a)(2) for purposes of intervening in a lawsuit filed by an environmental group against EPA. *See Sierra Club,* 995 F.2d at 1481, 1485-86. As the court explained:

> In practical terms, the Sierra Club wanted the court to order the EPA to change the City's NPDES permits, in order to reduce the amount of pollutants from those wastewater treatment plants . . . The legitimate interests of persons discharging permissible quantities of pollutants pursuant to NPDES permits are explicitly protected by the Act. 33 U.S.C. § 1342. Because the Act protects the interest of a person who discharges pollutants pursuant to a permit, and the City of Phoenix owns such permits, the City has a "protectable" interest. These permits may be modified by control

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND         -5-                      08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

1  strategies issued as a result of this litigation, so the City's protectable interest relates to the litigation.

2

3  *Id.*

4  Gowan's interest in the present case is similar to the City's in *Sierra Club*. Just as the CWA prohibits the discharge of a pollutant into the navigable waters except in compliance with the terms of an NPDES permit, so FIFRA prohibits the sale or use of a pesticide except pursuant to an EPA-issued registration. Like the City's protectable interest in discharge activities taken pursuant to its NPDES permit, Gowan has a protectable interest in the manufacture and sale of its ODM and methidathion products and in their uses under its FIFRA registration -- and under the REDs at issue here. Because the Plaintiffs' stated objective is to start anew the re-registration process for these products, Gowan's FIFRA registration, like the City's NPDES permit, could be revisited and changed as a result of this litigation.

The interest involved is indisputably a significant one. As noted above, Gowan has invested millions of dollars in developing the data necessary to support the re-registration of these products, which, after lengthy and intensive review, culminated in EPA's issuance of the ODM and methidathion REDs. Baker Decl. at ¶ 5. If Plaintiffs -- as is their stated objective -- should succeed in obtaining use restrictions beyond those imposed by EPA's decision, the impacts on Gowan would be immediate, negative, and substantial. Key uses and markets for these products would be restricted severely or even eliminated. Because ODM is one of the top five profit contributors to Gowan, and as Gowan's full-time employees number fewer than one hundred fifty, a cutback in current employee positions could result. *Id.* at ¶ 8. Gowan's ability to invest in new product development also would be compromised. Unjustified negative market perceptions of Gowan's products on the part of customers and other stakeholders already have been created by Plaintiffs' claims in this litigation. *Id.* at ¶ 10.

Absent intervention in this case, Gowan's ability to protect its interests will be substantially impaired. Among other things, Gowan would be prevented from presenting evidence that the scientific and technical issues raised by Plaintiffs are not sustainable. As Gowan was, of course, closely involved in the re-registration proceedings at issue, it is in a

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND                    -6-                    08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

position to provide relevant information to the Court as a finder of fact. Accordingly, not only Gowan's own interests, but the integrity of the litigation process would be impaired if Gowan is excluded from this forum.

Finally, as noted above, due process and simple fairness dictate that those directly affected by the challenge to EPA's re-registration proceedings -- including the registrant of the pesticide at issue -- should be heard in this litigation. Clearly, unless Gowan is granted intervention in a lawsuit aimed at its own registrations, significant decisions about those registrations will be made in its absence.

### 3. Existing Parties Would Not Adequately Protect Gowan's Interest

Gowan satisfies the fourth and final test for Rule 24(a)(2) intervention, as well, because EPA will not adequately protect Gowan's interest in its absence. It is well-settled that a prospective intervenor need only show that the representation of its interest by an existing party "may be" inadequate and that "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers Of America*, 404 U.S. 528, 538 n.10 (1972); *see also Forest Conservation Council*, 66 F.3d at 1498.

In assessing whether current representation "may be" inadequate, the Ninth Circuit considers "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996); *California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). "Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public." *Forest Conservation Council*, 66 F.3d at 1499.

EPA and Gowan represent different interests. Gowan's interest is to protect and preserve its registrations -- an economic interest that does not belong to the general public. *Id.* Gowan, moreover, is an entity regulated by EPA, which "must present the broad public interest" and cannot be expected, nor should it be, to protect Gowan's private legally protected interests and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND                -7-                            08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

1  property rights. *See id.* (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994)). For these reasons, EPA does not adequately represent Gowan's interests.

**B.    Gowan Should Be Granted Permissive Intervention**

Alternatively, Gowan requests permissive intervention in this case. Rule 24(b)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Unlike Rule 24(a), Rule 24(b) does not require a "significant protectable interest"; all that is necessary for permissive intervention is that intervenor's "claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2001) (this rule "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.").

The criteria for permissive intervention are met here. As outlined above, Gowan's motion is timely, and its timing prejudices no one. In addition, as the attached answer demonstrates, Gowan's defenses and the plaintiff's claims have a question of law or fact in common. The plaintiffs are questioning the validity of the re-registration process and thus of Gowan's registrations. The issues of law and fact that would be raised by Gowan in defense of EPA's actions are identical to those implicated in the suit, and, as one whose interest could be affected significantly, Gowan should be permitted to intervene to protect its legal rights. Moreover, as discussed above, Gowan's intervention will assist the Court in fully developing the relevant factual and legal record. These considerations serve the interests of justice; they also will enhance the efficiency of the judicial process and provide the Court more complete access to essential information. Permissive intervention, therefore, is fully justified.

///

//

/

Stoel Rives LLP
Attorneys At Law
Sacramento

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND             -8-                          08-01814-MHP
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

## IV. CONCLUSION

For the foregoing reasons, Gowan requests that this Court grant its motion to intervene.

**Dated this** 2nd day of June, 2008

                         **STOEL RIVES LLP**

/s/ SETH D. HILTON
SETH D. HILTON (SB# 181899)
sdhilton@stoel.com
STOEL RIVES LLP
980 9TH Street, Suite 1900
Sacramento, Ca  95814
Telephone (916) 319-4744
Fax: (916) 447-4781

BETH S. GINSBERG
*Pro Hac Vice Pending*
JASON T. MORGAN
*Pro Hac Vice Pending*
600 University Street, Suite 3600
Seattle, WA  98101-3197
Telephone:  (206) 624-0900
Facsimile:  (206) 386-7500

**BERGESON & CAMPBELL, P.C.**

LYNN L. BERGESON
*Pro Hac Vice Pending*
BETHAMI AUERBACH
*Pro Hac Vice Pending*
1203 Nineteenth Street, N.W., Suite 300
Washington, D.C.  20036-2401
Telephone:  (202) 557-3800
Facsimile:  (202) 5573836

Counsel for Gowan Company

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED
MOTION TO INTERVENE AND
SUPPORTING MEMORANDUM
Seattle-3422010.1 0053784-00002

-9-

08-01814-MHP

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to this action. I am employed in the County of Sacramento and my business address is 980 Ninth Street, Suite 1900, Sacramento, California 95814.

On June 2, 2008, I electronically served a copy of the foregoing

**NOTICE OF MOTION, UNOPPOSED MOTION OF GOWAN COMPANY FOR LEAVE TO INTERVENE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case File website of the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 2, 2008, at Sacramento, California.

_____
Pamela Spring

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF MOTION, AND UNOPPOSED MOTION TO INTERVENE AND SUPPORTING MEMORANDUM

-10-

08-01814-MHP

Seattle-3422010.1 0053784-00002