1  SETH D. HILTON (SB# 181899)
   sdhilton@stoel.com
2  STOEL RIVES LLP
   980 Ninth Street, Suite 1900
3  Sacramento, CA 95814
   Telephone (916) 319-4744
4  Fax: (916) 447-4781
   Attorney For Proposed Intervenor-Defendant
5  Gowan Company

6  BETH S. GINSBERG (WSBA# 18523)
   bsginsberg@stoel.com
7  (Pro Hac Vice Pending)
   JASON T. MORGAN (WSBA# 38346)
8  jtmorgan@stoel.com
   (Pro Hac Vice Pending)
9  STOEL RIVES LLP
   600 University Street, Suite 3600
10 Seattle, WA 98101
   Telephone: (206) 624-0900
11 Facsimile: (206) 386-7500
   Counsel for Gowan Company
12
   LYNN L. BERGESON (D.C. #320796)
13 lbergeson@lawbc.com
   (Pro Hac Vice Pending)
14 BETHAMI AUERBACH (D.C. #221556)
   bauerbach@lawbc.com
15 (Pro Hac Vice Pending)
   BERGESON & CAMPBELL, P.C.
16 1203 Nineteenth Street, N.W., Suite 300
   Washington, D.C. 20036-2401
17 Telephone: (202) 557-3800
   Facsimile: (202) 557-3836
18 Counsel for Gowan Company

19

UNITED STATES DISTRICT COURT

20

NORTHERN DISTRICT OF CALIFORNIA

21

SAN FRANCISCO DIVISION

22

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. C-08-01814 MHP <br><br> **[PROPOSED] ORDER GRANTING MOTION TO INTERVENE** <br><br> Date:   July 7, 2008 <br> Time:  2:00 pm <br> Dept:  Courtroom 15, 18th Floor <br> Judge: Hon. Marilyn H. Patel |

(PROPOSED) ORDER GRANTING INTERVENTION        -1-        08-01814-MHP

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

Seattle-3422207.1 0053784-00002

After considering the Motion for Leave to Intervene and supporting papers filed by applicant for intervention Gowan Company and any responses and replies thereto, it is hereby ordered that the Motion is GRANTED and Gowan Company's Proposed Answer shall be filed in the form of the Proposed Answer attached as Exhibit A. Gowan Company is hereby granted leave to intervene as of right as a defendant in this action pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, Gowan Company is hereby granted permissive intervention under Federal Rule of Civil Procedure 24(b)(2).

IT IS SO ORDERED.

DATED: June ____, 2008

_____
Hon. Marilyn H. Patel
United States District Judge

Case 3:08-cv-01814-MHP   Document 9   Filed 06/02/2008   Page 3 of 19

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to this action. I am employed in the County of Sacramento and my business address is 980 Ninth Street, Suite 1900, Sacramento, California 95814.

On June 2, 2008, I electronically served a copy of the foregoing

**[PROPOSED] ORDER GRANTING MOTION TO INTERVENE**

on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case File website of the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 2, 2008, at Sacramento, California.

_____
Pamela Spring

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

(PROPOSED) ORDER GRANTING INTERVENTION        -3-        08-01814-MHP

Seattle-3422207.1 0053784-00002

# EXHIBIT A

SETH D. HILTON (SB# 181899)
*sdhilton@stoel.com*
STOEL RIVES LLP
980 Ninth Street, Suite 1900
Sacramento, CA 95814
Telephone (916) 319-4744
Fax: (916) 447-4781
Attorney For Proposed Intervenor-Defendant
Gowan Company

BETH S. GINSBERG (WSBA# 18523)
*bsginsberg@stoel.com*
*(Pro Hac Vice Pending)*
JASON T. MORGAN (WSBA# 38346)
*jtmorgan@stoel.com*
*(Pro Hac Vice Pending)*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Counsel for Gowan Company

LYNN L. BERGESON (D.C.# 320796)
*lbergeson@lawbc.com*
*(Pro Hac Vice Pending)*
BETHAMI AUERBACH (D.C.# 221556)
*bauerbach@lawbc.com*
*(Pro Hac Vice Pending)*
BERGESON & CAMPBELL, P.C.
1203 Nineteenth Street, N.W., Suite 300
Washington, D.C. 20036-2401
Telephone: (202) 557-3800
Facsimile: (202) 557-3836
Counsel for Gowan Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al, <br><br> Defendants. | Case No. C-08-01814 MHP <br><br> **[PROPOSED] GOWAN COMPANY'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> Judge: Hon. Marilyn J. Patel |

## INTRODUCTION

1. Paragraph 1 characterizes Plaintiffs' action and as such requires no response.

2. Paragraph 2 sets forth legal conclusions to which no response is required and which are therefore denied.

3. The first sentence of paragraph 3 sets forth legal conclusions to which no response is required and which are therefore denied. Gowan denies the remainder of the allegations contained in this paragraph.

4. Gowan denies the allegations set forth in paragraph 4.

5. Paragraph 5 characterizes the relief Plaintiffs seek and as such requires no response.

6. Paragraph 6 characterizes the relief Plaintiffs seek and as such requires no response.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

7. Paragraph 7 sets forth legal conclusions to which no response is required and which are therefore denied. Gowan is without sufficient knowledge and information to form a belief as to whether Plaintiffs provided the Services and defendant EPA with sufficient notice under the ESA citizen suit provision.

8. Paragraph 8 sets forth legal conclusions to which no response is required and which are therefore denied.

9. Paragraph 9 sets forth legal conclusions to which no response is required and which are therefore denied.

## PARTIES

10. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 10 and therefore denies the same.

11. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 11 and therefore denies the same.

12. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 12 and therefore denies the same.

13. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 13 and therefore denies the same.

1   14.   Gowan admits the allegations contained in paragraph 14.

# BACKGROUND

## I. STATUTORY FRAMEWORK FOR REGISTERING AND RE-REGISTERING PESTICIDES

### A. FIFRA

15.   Paragraph 15 sets forth legal conclusions to which no response is required and which are therefore denied.

16.   Paragraph 16 sets forth legal conclusions to which no response is required and which are therefore denied.

17.   Paragraph 17 sets forth legal conclusions to which no response is required and which are therefore denied.

18.   Paragraph 18 sets forth legal conclusions to which no response is required and which are therefore denied.

19.   Paragraph 19 characterizes EPA's risk assessment documents—part of EPA's RED—which speaks for itself and is the best evidence of its contents.

20.   Paragraph 20 characterizes EPA's risk assessment documents—part of EPA's RED—which speaks for itself and is the best evidence of its contents.

21.   Paragraph 21 characterizes EPA's risk assessment documents—part of EPA's RED—which speaks for itself and is the best evidence of its contents.

22.   Paragraph 22 characterizes EPA's risk assessment documents—part of EPA's RED—which speaks for itself and is the best evidence of its contents.  In the second and third sentences of this paragraph, Gowan explicitly denies that EPA has taken the position that a MOE less than 100 poses a risk of concern to workers and that the lower the MOE, the greater the risk to workers.

23.   Paragraph 23 characterizes EPA's risk assessment documents—part of EPA's RED—which speaks for itself and is the best evidence of its contents.

24.   Paragraph 24 characterizes EPA's risk assessment documents—part of EPA's RED—which speaks for itself and is the best evidence of its contents.

1      25.    The first sentence of paragraph 25 characterizes EPA's risk assessment documents—part of EPA's RED—which speaks for itself and is the best evidence of its contents. The second and third sentences of this paragraph set forth legal conclusions to which no response is required and which are therefore denied. Gowan denies the remainder of the allegations set forth in this paragraph.

    26.    Paragraph 26 characterizes EPA's ecological assessment documents—part of EPA's RED- which speaks for itself and is the best evidence of its contents.

    27.    Paragraph 27 sets forth legal conclusions to which no response is required and which is therefore denied.

    28.    Gowan lacks sufficient information to form a belief as to the merits of the allegations set forth in paragraph 28 and therefore denies the same.

**B.    FFDCA and FQPA**

    29.    Paragraph 29 sets forth legal conclusions to which no response is required and which is therefore denied.

    30.    Paragraph 30 sets forth legal conclusions to which no response is required and which is therefore denied.

**C.    ESA**

    31.    Paragraph 31 sets forth legal conclusions to which no response is required and which is therefore denied.

    32.    Paragraph 32 sets forth legal conclusions to which no response is required and which is therefore denied.

    33.    Paragraph 33 sets forth legal conclusions to which no response is required and which is therefore denied.

    34.    Paragraph 34 sets forth legal conclusions to which no response is required and which is therefore denied.

**II.    EPA'S RE-REGISTRATION OF THE ORGANOPHOSPHATE PESTICIDES AT ISSUE**

    35.    Gowan admits the allegations contained in the first sentence of paragraph 35 but

denies the remainder of the allegations set forth in this paragraph.

36. Gowan denies the allegations set forth in the first and last sentences of paragraph 36, and lacks sufficient information to form a belief as to the allegations in the second and third sentences of the paragraph.

37. Gowan denies the allegations set forth in paragraph 37.

38. The federal register notice quoted in the first sentence of paragraph 38 speaks for itself and is the best evidence of its contents. Gowan admits the allegations contained in the second and third sentences of paragraph 38.

39. Gowan admits the allegations set forth in paragraph 39.

### A. **Methidathion**

#### *1. History and Usage*

40. Paragraph 40 purports to characterize information from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

41. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 41 and therefore denies the same.

42. Gowan admits the allegations contained in paragraph 42.

#### *2. Toxicity*

43. Paragraph 43 appears to characterize information from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

44. Gowan denies the alleations as set forth in paragraph 44.

45. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 45 and therefore denies the same.

46. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 46 and therefore denies the same.

#### *3. Worker Risks*

47. Paragraph 47 purports to characterize information and quote from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

#### 4. *Children and Bystander Risks*

48. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 48 and therefore denies the same.

49. Paragraph 49 purports to characterize information and quote from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

50. Paragraph 50 purports to characterize information and quote from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

#### 5. *Ecological Risks*

51. Paragraph 51 purports to characterize information and quote from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

52. Paragraph 52 purports to characterize information and quote from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

53. Paragraph 53 purports to characterize information and quote from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

54. Paragraph 54 purports to characterize information and quote from a governmental document which speaks for itself and is the best evidence of its contents.

#### 6. *Benefits Assessments*

55. The first sentence of paragraph 55 sets forth a legal conclusion to which no response is required and which is therefore denied. Gowan lacks sufficient information to form a belief as to the remainder of the allegations set forth in paragraph 55 and therefore denies the same.

56. Gowan denies the allegations contained in paragraph 56.

57. Paragraph 57 purports to characterize information and quote from EPA's methidathion IRED which speaks for itself and is the best evidence of its contents.

58. Gowan denies the allegations contained in paragraph 58.

### B. **ODM**

#### 1. *History and Usage*

59. Paragraph 59 cites extensively to EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

60. Paragraph 60 purports to characterize EPA's ODM IRED and a 1994 settlement agreement between EPA and Gowan, which speak for themselves and are the best evidence of their contents.

61. Gowan admits the allegations set forth in paragraph 61.

### 2. *Toxicity*

62. Paragraph 62 purports to characterize information from EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

63. Paragraph 63 cites EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

### 3. *Worker Risks*

64. Paragraph 64 cites EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

65. Paragraph 65 cites and purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

66. Paragraph 66 cites and purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

### 4. *Children and Bystander Risks*

67. Paragraph 67 purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

68. Gowan denies the allegations set forth in paragraph 68.

### 5 *Ecological Risks*

69. Paragraph 69 cites extensively and purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

70. Paragraph 70 cites and purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

71. Paragraph 71 cites extensively and purports to characterize EPA's

72. Paragraph 72 cites and purports to characterize the contents of a 1989 Biological Opinion from the National Marine Fisheries Service and the U.S. Fish and Wildlife Service and of

1 | EPA's ODM IRED, which speak for themselves and are the best evidence of their contents.

2 |     73.    The first three sentences of paragraph 73 cites and purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents. Gowan denies the fourth and fifth sentences of this paragraph.

    74.    Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 74 and therefore denies the same.

### *6.  Benefits Assessments*

    75.    Paragraph 75 cites and purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

    76.    Paragraph 76 cites and purports to characterize EPA's ODM IRED, which speaks for itself and is the best evidence of its contents.

### C.  *Methamidophos*

### *1.  History and Usage*

    77.    Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 77 and therefore denies the same.

    78.    Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 78 and therefore denies the same.

    79.    Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 79 and therefore denies the same.

### *2.  Toxicity*

    80.    Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 80 and therefore denies the same.

    81.    Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 81 and therefore denies the same.

    82.    Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 82 and therefore denies the same.

### *3.  Worker Risks*

    83.    Gowan lacks sufficient information to form a belief as to the allegations set forth in

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] GOWAN COMPANY'S
ANSWER TO COMPLAINT

-8-

08-01814 -MHP

Seattle-3422089.1 0053784-00002

1  paragraph 83 and therefore denies the same.

2      84.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
3  paragraph 84 and therefore denies the same.

### 4. *Children and Bystander Risks*

5      85.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
6  paragraph 85 and therefore denies the same.

7      86.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
8  paragraph 86 and therefore denies the same.

9      87.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
10 paragraph 87 and therefore denies the same.

### 5. *Ecological Risks*

12     88.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
13 paragraph 88 and therefore denies the same.

14     89.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
15 paragraph 89 and therefore denies the same.

16     90.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
17 paragraph 90 and therefore denies the same.

18     91.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
19 paragraph 91 and therefore denies the same.

20     92.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
21 paragraph 92 and therefore denies the same.

### 6. *Benefits Assessments*

23     93.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
24 paragraph 93 and therefore denies the same.

25     94.    Gowan lacks sufficient information to form a belief as to the allegations set forth in
26 paragraph 94 and therefore denies the same.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] GOWAN COMPANY'S
ANSWER TO COMPLAINT

-9-

08-01814-MHP

Seattle-3422089.1 0053784-00002

### D. <u>Ethoprop</u>

#### *1. History and Usage*

95. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 95 and therefore denies the same.

96. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 96 and therefore denies the same.

#### *2. Toxicity*

97. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 97 and therefore denies the same.

98. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 98 and therefore denies the same.

99. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 99 and therefore denies the same.

#### *3 Worker Risks*

100. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 100 and therefore denies the same.

101. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 101 and therefore denies the same.

102. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 102 and therefore denies the same.

103. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 103 and therefore denies the same.

#### *4. Children and Bystander Risks*

104. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 104 and therefore denies the same.

105. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 105 and therefore denies the same.

106. Gowan lacks sufficient information to form a belief as to the allegations set forth in

1 paragraph 106 and therefore denies the same.

### 5. *Ecological Risks*

107. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 107 and therefore denies the same.

108. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 108 and therefore denies the same.

109. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 109 and therefore denies the same.

110. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 110 and therefore denies the same.

111. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 111 and therefore denies the same.

### 6. *Benefits Assessment*

112. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 112 and therefore denies the same.

113. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 113 and therefore denies the same.

114. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 114 and therefore denies the same.

E. **The 2006 Organophosphate Cumulative Risk Assessment.**

115. Gowan admits that EPA completed its organophosphate Cumulative Risk Assessment in 2006, but otherwise lacks sufficient information to form a belief as to the remainder of the allegations set forth in the first two sentences of paragraph 115 and denies the allegations set forth in the third and fourth sentences of this paragraph.

**CAUSES OF ACTION**

**ALLEGATIONS COMMON TO FIRST THROUGH FOURTH CAUSES OF ACTION**

116. Paragraph 116 sets forth legal conclusions to which no response is required and which are therefore denied.

117. Paragraph 117 sets forth legal conclusions to which no response is required and which are therefore denied.

## I. FIRST CAUSE OF ACTION-EPA ACTED ARBITRARILY, CAPRICIOUSLY, AND IN VIOLATION OF FIFRA IN RE-REGISTERING METHIDATHION

118. Gowan denies the allegations set forth in paragraph 118.

119. Gowan denies the allegations set forth in paragraph 119.

## II. SECOND CAUSE OF ACTION-EPA ACTED ARBITRARILY, CAPRICIOUSLY, AND IN VIOLATION OF FIFRA IN RE-REGISTERING ODM

120. Gowan denies the allegations set forth in paragraph 120.

121. Gowan denies the allegations set forth in paragraph 121.

## III. THIRD CAUSE OF ACTION-EPA ACTED ARBITRARILY, CAPRICIOUSLY, AND IN VIOLATION OF FIFRA IN RE-REGISTERING METHAMIDOPHOS

122. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 122 and therefore denies the same.

123. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 123 and therefore denies the same.

## IV. FOURTH CAUSE OF ACTION-EPA ACTED ARBITRARILY, CAPRICIOUSLY, AND IN VIOLATION OF FIFRA IN RE-REGISTERING ETHOPROP

124. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 124 and therefore denies the same.

125. Gowan lacks sufficient information to form a belief as to the allegations set forth in paragraph 125 and therefore denies the same.

## V. FIFTH CAUSE OF ACTION-EPA ACTED ARBITRARILY, CAPRICIOUSLY, AND CONTRARY TO FIFRA WHEN IT AFFIRMED ITS REGISTRATIONS FOR METHIDATHION, ODM, METHAMIDOPHOS, AND ETHOPROP IN 2006 WITHOUT FILLING IN THE DATA GAPS IDENTIFIED IN THE EARLIER RE-REGISTRATION DECISIONS

126. Gowan lacks sufficient information to form a belief as to the allegations contained in paragraph 126 and therefore denies the same.

127. Gowan admits the first sentence of paragraph 127. The remainder of this paragraph

1  127 characterizes EPA's Organophosphate Cumulative Risk Assessment issued in 2006 which
2  speaks for itself and is the best evidence of its contents.

### ALLEGATIONS COMMON TO SIXTH THROUGH NINTH CAUSES OF ACTION

4   128.   Paragraph 128 sets forth legal conclusions to which no response is required and
5  which is therefore denied.

6   129.   Paragraph 129 sets forth legal conclusions to which no response is required and
7  which is therefore denied.

8   130.   Paragraph 130 sets forth legal conclusions to which no response is required and
9  which is therefore denied.

### VI.  SIXTH CAUSE OF ACTION-EPA'S REGISTRATION OF METHIDATHION VIOLATES SECTIONS 7(A)(2) AND 7(D) OF THE ENDANGERED SPECIES ACT

12   131.   Gowan lacks sufficient information to form a belief as to the allegations contained
13  in paragraph 131 and therefore denies the same.

14   132.   Gowan lacks sufficient information to form a belief as to the allegations contained
15  in paragraph 132 and therefore denies the same.

16   133.   Gowan lacks sufficient information to form a belief as to the allegations contained
17  in paragraph 133 and therefore denies the same.

### VII.  SEVENTH CAUSE OF ACTION-EPA'S REREGISTRATION OF ODM VIOLATES SECTIONS 7(A)(2) AND 7(D) OF THE ENDANGERED SPECIES ACT

20   134.   Paragraph 134 characterizes EPA's Ecological Risk Assessment for ODM, which
21  speaks for itself and is the best evidence of its contents.

22   135.   Gowan denies the allegations set forth in paragraph 135.

23   136.   Gowan denies the allegations set forth in paragraph 136.

### VIII.  EIGHTH CAUSE OF ACTION- EPA'S RE-REGISTRATION OF METHAMIDOPHOS VIOLATES SECTIONS 7(A)(2) AND 7(D) OF THE ENDENGERED SPECIES ACT

26   137.   Gowan lacks sufficient information to form a belief as to the allegations contained
27  in paragraph 137 and therefore denies the same.

28   138.   Gowan lacks sufficient information to form a belief as to the allegations contained

1  in paragraph 138 and therefore denies the same.

2      139.    Gowan lacks sufficient information to form a belief as to the allegations contained
3  in paragraph 139 and therefore denies the same.

4  IX.    **NINTH CAUSE OF ACTION-EPA'S RE-REGISTRATION OF ETHOPROP VIOLATES SECTIONS 7(A)(2) AND 7(D) OF THE ENDANGERED SPECIES ACT**

6      140.    Gowan lacks sufficient information to form a belief as to the allegations contained
7  in paragraph 140 and therefore denies the same.

8      141.    Gowan lacks sufficient information to form a belief as to the allegations contained
9  in paragraph 141 and therefore denies the same.

10      142.    Gowan lacks sufficient information to form a belief as to the allegations contained
11  in paragraph 142 and therefore denies the same.

12  **GENERAL DENIAL**

13  Except as expressly admitted or otherwise stated herein, Gowan denies each and every
14  allegation in Plaintiffs' Complaint.

15  **AFFIRMATIVE DEFENSES**

16      1.    The Court is without subject matter jurisdiction over Plaintiff's claims.

17      2.    Some or all of the plaintiffs lack standing to bring this suit.

18      3.    Plaintiffs have failed to state a claim upon which relief can be granted.

19  WHEREFORE, for these reasons, Gowan requests that the Court deny Plaintiffs'
20  Complaint with prejudice and that the Court grant such other and further relief to Gowan as may
21  be appropriate.

22  Dated: June 2, 2008

23      STOEL RIVES LLP

25  /s/ SETH D. HILTON
    SETH D. HILTON (SB# 181899)
    sdhilton@stoel.com
26  STOEL RIVES LLP
    980 Ninth Street, Suite 1900
27  Sacramento, Ca 95814
    Telephone (916) 319-4744
28  Fax: (916) 447-4781

```
 1
 2                                          BETH S. GINSBERG
                                            Pro Hac Vice Pending
 3                                          JASON T. MORGAN
                                            Pro Hac Vice Pending
 4                                          600 University Street, Suite 3600
                                            Seattle, WA  98101-3197
 5                                          Telephone:  (206) 624-0900
                                            Facsimile:  (206) 386-7500
 6
                                            **BERGESON & CAMPBELL, P.C.**
 7
                                            LYNN L. BERGESON
 8                                          Pro Hac Vice Pending
                                            BETHAMI AUERBACH
 9                                          Pro Hac Vice Pending
                                            1203 Nineteenth Street, N.W., Suite 300
10                                          Washington, D.C.  20036-2401
                                            Telephone:  (202) 557-3800
11                                          Facsimile:  (202) 5573836

12                                          Counsel for Gowan Company
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

[PROPOSED] GOWAN COMPANY'S
ANSWER TO COMPLAINT          -15-                    08-01814 -MHP

Seattle-3422089.1 0053784-00002