1  SETH D. HILTON (SB# 181899)
   *sdhilton@stoel.com*
2  STOEL RIVES LLP
   980 Ninth Street, Suite 1900
3  Sacramento, CA 95814
   Telephone (91 6) 319-4744
4  Fax: (916) 447-4781
   Attorney For Proposed Intervenor-Defendant
5  Gowan Company

6  BETH S. GINSBERG (WSBA# 18523)
   *bsginsberg@stoel.com*
7  *(Pro Hac Vice Pending)*
   JASON T. MORGAN (WSBA# 38346)
8  *jtmorgan@stoel.com*
   *(Pro Hac Vice Pending)*
9  STOEL RIVES LLP
   600 University Street, Suite 3600
10 Seattle, WA 98101
   Telephone: (206) 624-0900
11 Facsimile: (206) 386-7500
   Counsel for Gowan Company
12
   LYNN L. BERGESON (D.C.# 320796)
13 *lbergeson@lawbc.com*
   *(Pro Hac Vice Pending)*
14 BETHAMI AUERBACH (D.C.# 221556)
   *bauerbach@lawbc.com*
15 *(Pro Hac Vice Pending)*
   BERGESON & CAMPBELL, P.C.
16 1203 Nineteenth Street, N.W., Suite 300
   Washington, D.C. 20036-2401
17 Telephone: (202) 557-3800
   Facsimile: (202) 557-3836
18 Counsel for Gowan Company

19                UNITED STATES DISTRICT COURT

20                NORTHERN DISTRICT OF CALIFORNIA

21                    SAN FRANCISCO DIVISION

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA et al., | Case No. C-08-01814 MHP |
| Plaintiffs, | **DECLARATION OF CINDY BAKER IN SUPPORT OF GOWAN COMPANY'S MOTION TO INTERVENE** |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al, | Date: July 7, 2008<br>Time: 2:00 pm<br>Dept: Courtroom 15, 18th Floor<br>Judge: Hon. Marilyn H. Patel |
| Defendants. | |

I, Cindy Baker, declare as follows:

1.  I am, and at all times herein relevant to this Declaration have been, the President of Exigent, an LLC in the Gowan. Group of Companies that handles all the regulatory issues for all the Gowan companies, including Gowan Company (Gowan). Gowan is a manufacturer and marketer of a variety of crop protection chemicals. Gowan maintains its principal place of business at 370 S. Main Street) Yuma, Arizona 85364.

2.  This Declaration is submitted on behalf of Gowan and in support of its Motion to Intervene in the above-captioned action.

3.  As the President of Exigent, I am responsible for managerial oversight of Gowan's regulatory staff. Prior to this role, I served as President of Gowan and had responsibility for sales, marketing, regulatory, and other functions. I have personal knowledge of the facts set forth in this Declaration, and, if called, as a witness, I could and would competently testify thereto under oath.

4.  Gowan is the active (marketer) United States registrant under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) of technical methidathion, the active ingredient in crop protection end-use products marketed under the trade name of Supracide®, for which Gowan also holds registrations. Methidathion serves a small but critical niche market. The sales of methidathion are primarily for dormant tree uses, citrus, artichokes and alfalfa. Methidathion is the most efficacious product in controlling scale in trees and one of the only products available to effectively control plume moth in artichokes.

5.  Gowan is the sole United States registrant under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) of technical oxydemeton methyl (ODM), the active ingredient in crop protection end-use products marketed under the trade name of MSR®, for which Gowan also holds registrations. ODM serves a small but critical niche market. The sales of ODM are primarily in the region of California where cool season vegetables are grown. ODM is the most efficacious product providing sufficient control of the lettuce aphid. While new products have been registered for use on lettuce, none can provide the level of control of this damaging pest. If the lettuce aphid is not controlled, the lettuce is not marketable as the aphid lives in the heart of the head of lettuce. In

addition to the critical lettuce markets, some small amounts of ODM are sold in alfalfa grown for seed and a few other crops.

6. ODM originally was registered in 1961 for manufacturing use, in 1962 for use on ornamentals, and in 1964 for pest control in food crops. Since purchasing the ODM assets and registrations in 1994, Gowan has assumed, at considerable cost and financial risk, all of the regulatory responsibilities needed to keep this specialty crop insecticide available to growers. Among these responsibilities was submitting to the U.S. Environmental Protection Agency (EPA) an array of core "re-registration" studies required under FIFRA Section 4, which had yet to be conducted or completed. These state-of-the-science regulatory studies provide the basis upon which EPA makes informed decisions concerning the approved uses of ODM in the field. To support its registrations, Gowan has invested, in good faith, millions of dollars in the studies necessary to satisfy the applicable re-registration requirements for the technical and end-use registrations it currently holds.

7. Gowan also has made significant additional expenditures for ODM research and development (R&D) studies since 1994. Such R&D studies are essential to characterizing the optimum role of ODM in integrated pest management (IPM) programs. MSR® has proven to be the control standard in lettuce and other crops.

8. Based on FIFRA Section 4 and EPA's implementing regulations, Gowan undertook its substantial regulatory and research investment in ODM and Methidathion with the firm belief that the conclusions reached by EPA in the re-registration process would be valid and reliable. Those conclusions are specified and documented in EPA's 2002 Interim Re-registration Eligibility Decisions (IRED) for ODM and Methidathion. We have continued to invest significantly in regulatory and development support for both ODM and Methidathion following issuance of the IREDs.

9. In challenging these REDs, the present lawsuit attempts to nullify the outcome of a lengthy and intensive review process by EPA, and to derail more than a decade of Gowan's commitment and efforts in developing the necessary data. If EPA's re-registration decision for these products are revisited in the manner sought by the plaintiffs, the direct impact to

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

DECLARATION OF CINDY BAKER IN
SUPPORT OF GOWAN'S MOTION TO         -3-                              08-01814 MHP
INTERVENE
Seattle-3422251.1 0053784-00002

Gowan would be immediate, negative, and substantial. The result of such a process would likely be severe restrictions on, or elimination of, key uses and markets. Gowan employs fewer than one hundred fifty full-time people. Gowan has invested hundreds of thousands of man-hours into ODM. ODM is one of the top five profit contributors to Gowan, and if lost or severely restricted could result in employees losing their jobs. Our ability to reinvest in the development of new products also would be seriously constrained.

10. ODM has been used safely in agriculture for nearly forty years. Specialty crop growers have come to rely on MSR® over the decades, and, like Gowan, justifiably have relied on the IRED since its issuance by EPA in 2002.

11. Gowan has been unequivocally committed to the regulatory support of these products and has undertaken numerous, rigorously-conducted studies to ensure that they pose minimal risks to human health or the environment when used as intended. We are deeply concerned by the plaintiffs' allegations that these products cause "harm" to "workers, their children, water quality, or endangered species." Such claims already have had unjustifiably negative impacts on the market perceptions of our products. We have received inquiries about the safety of ODM as a direct result of this litigation. Growers and other stakeholders have asked us if Gowan's ODM registrations will be cancelled. We have even received questions from customers who wonder whether they should continue to purchase our MSR® products and how long they will be able to use them.

12. For the reasons set out in this Declaration, including but not limited to Gowan's status as the registrant of these products, its role in developing data to satisfy re-registration requirements, and the potentially injurious impacts of this litigation on the company and its employees, we believe that Gowan should be allowed to intervene.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Executed this 2nd day of June, 2008, in Yuma, Arizona.

*Cindy Baker*
Cindy Baker

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to this action. I am employed in the County of Sacramento and my business address is 980 Ninth Street, Suite 1900, Sacramento, California 95814.

On June 2, 2008, I electronically served a copy of the foregoing

**DECLARATION OF CINDY BAKER IN SUPPORT OF GOWAN COMPANY'S MOTION TO INTERVENE**

on the recipients designated on the Notice of Electronic Filing generated by the Electronic Case File website of the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 2, 2008, at Sacramento, California.

_____
Pamela Spring