SCOTT N. SCHOOLS
United States Attorney
Northern District of California
CHARLES M. O' CONNOR (CA State Bar No. 56320)
Assistant United States Attorney
9th Floor, Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA  94102
Telephone (415) 436-7180

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Telephone (202) 514-0375
Facsimile (202) 514-8865

COURTNEY TAYLOR
Courtney.Taylor@usdoj.gov
Wildlife and Marine Resources Section
601 D Street N.W., Suite 3033
Washington D.C.  20004
Telephone (202) 353-7548
Facsimile (202) 305-0275

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA, et al., | ) Case. No.: C-08-1814-MHP |
| | ) |
| Plaintiffs, | ) **DEFENDANT U.S.** |
| | ) **ENVIRONMENTAL PROTECTION** |
| v. | ) **AGENCY AND STEPHEN L.** |
| | ) **JOHNSON'S ANSWER TO** |
| U.S. ENVIRONMENTAL PROTECTION | ) **PLAINTIFFS' COMPLAINT FOR** |
| AGENCY, et al., | ) **DECLARATORY AND INJUNCTIVE** |
| | ) **RELIEF** |
| Defendants. | ) |
| | ) |

1      Come now, Defendants, the United States Environmental Protection Agency ("EPA") and

2    Stephen L. Johnson, in his official capacity as Administrator of the EPA (collectively

3    "Defendants"), by and through undersigned counsel, hereby answer and assert the following

4    defenses to the allegations contained within the Pesticide Action Network North America's,

5    United Farm Workers', Pineros y Campesinos Unidos del Noroeste's, Farm Labor Organizing

6    Committee's, AFL-CIO's, Beyond Pesticides', Natural Resources Defense Council's, Sea Mar

7    Community Health Center's, Teamster Local 890's, and Moises Lopez's (collectively "Plaintiffs')

8    Complaint for Declaratory and Injunctive Relief (the "Complaint").  The numbered paragraphs in

9    this Answer correspond to the numbered paragraphs in the Complaint.

10                                               **<u>INTRODUCTION</u>**

11      1.      The allegations set forth in Paragraph 1 purport to characterize the nature of the

12    Complaint, which speaks for itself and is the best evidence of its contents.  To the extent that a

13    response is required to the allegations set forth in Paragraph 1, Defendants deny the allegations

14    as stated.

15      2.      The allegations set out in the first five words of the first sentence are too vague

16    and ambiguous to enable Defendants to admit or deny same, but to the extent that a response

17    may be deemed necessary or required, the allegations as stated in the first five words of the first

18    sentence are denied.  The remaining allegations set out in this paragraph constitute conclusions

19    of law, to which no response is required.

20      3.      The allegations set out in the first and third sentences of this paragraph constitute

21    a characterization of Plaintiffs' claims and conclusions of law, to which no response is required.

22    The allegations set out in the second sentence of this paragraph purport to characterize EPA risk

23    assessments for methidathion, oxydemeton-methyl ("ODM"), methamidophos, and ethoprop,

24    which speak for themselves and are the best evidence of their contents.  Nonetheless, to the

25    extent that a response to these allegations is deemed necessary or required, Defendants deny the

26    allegations set out in the second sentence of this paragraph to the extent that they are contrary to

1  the plain language and meaning of EPA's risk assessments for methidathion, ODM,

2  methamidophos, and ethoprop.

3       4.    The allegations set out in the first eighteen words of this paragraph purport to

4  characterize EPA risk assessments for methidathion, ODM, methamidophos, and ethoprop,

5  which speak for themselves and are the best evidence of their contents.  Nonetheless, to the

6  extent that a response to these allegations is deemed necessary or required, Defendants deny the

7  allegations set out in the first eighteen words of this paragraph to the extent that they are contrary

8  to the plain language and meaning of EPA's risk assessments for methidathion, ODM,

9  methamidophos, and ethoprop.  The remaining allegations set out in this paragraph constitute a

10  characterization of Plaintiffs' claims and conclusions of law, to which no response is required.

11       5.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

12  claims and conclusions of law, to which no response is required.

13       6.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

14  claims and conclusions of law, to which no response is required.

15  **JURISDICTION AND VENUE**

16       7.    The allegations in the first sentence of this paragraph constitute a characterization

17  of Plaintiffs' action to which no response is required.  The allegations in the second sentence of

18  this paragraph constitute a conclusion of law, to which no response is required. With respect to

19  the third sentence of this paragraph, Defendants admit that EPA received a letter from Plaintiffs

20  Beyond Pesticides and NRDC dated January 31, 2008, and the letter speaks for itself and is the

21  best evidence of its contents.  Whether the letter constitutes notice of intent to sue as required by

22  the ESA constitutes a conclusion of law, to which no response is required.  With respect to the

23  fourth sentence of this paragraph, Defendants admit that a copy of the letter EPA received was

24  appended as Exhibit A to the Complaint.

25       8.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

26  claims and conclusions of law, to which no response is required.  To the extent that a response is

27  required to factual allegations set forth in this paragraph, Defendants are without sufficient

1  information or knowledge to form a belief as to the truth of the factual allegations and therefore

2  deny such allegations.

3      9.    The allegations set out in this paragraph constitute a conclusion of law, to which

4  no response is required.

5                                    <u>**PARTIES**</u>

6      10.    Defendants are without information or knowledge sufficient to form a belief as to

7  the truth of Plaintiffs' allegations set out in this paragraph and therefore deny such allegations.

8      11.    Defendants are without information or knowledge sufficient to form a belief as to

9  the truth of Plaintiffs' allegations set out in this paragraph and therefore deny such allegations.

10     12.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

11  claims and conclusions of law, to which no response is required.  To the extent that a response is

12  required to factual allegations set forth in this paragraph, Defendants are without sufficient

13  information or knowledge to form a belief as to the truth of the factual allegations and therefore

14  deny such allegations.

15     13.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

16  claims and conclusions of law, to which no response is required.  To the extent that a response is

17  required to factual allegations set forth in this paragraph, Defendants are without sufficient

18  information or knowledge to form a belief as to the truth of the factual allegations and therefore

19  deny such allegations.

20     14.    Defendants admit that EPA is a federal agency and that Stephen L. Johnson is the

21  Administrator of the EPA.  The remaining allegations set out in this paragraph constitute

22  conclusions of law, to which no response is needed.

23                                  **BACKGROUND**

24  **I.    STATUTORY FRAMEWORK FOR REGISTERING AND RE-**

25          **REGISTERING PESTICIDES**

26     15.    Paragraph 15 characterizes the Federal Insecticide, Fungicide and Rodenticide

27  Act ("FIFRA"), which speaks for itself and is the best evidence of its contents.

16.     Paragraph 16 characterizes FIFRA, which speaks for itself and is the best evidence of its contents.

17.     Paragraph 17 characterizes FIFRA, which speaks for itself and is the best evidence of its contents.

18.     Paragraph 18 characterizes FIFRA, which speaks for itself and is the best evidence of its contents.

19.     Defendants deny the first sentence of Paragraph 19 as stated and aver that EPA often conducts quantitative risk assessments for pesticides.  Defendants admit the second sentence of paragraph 19.

20.     Defendants admit the first and second sentences of Paragraph 20.  Defendants deny the third sentence of paragraph 20 as stated although Defendants admit that for many laboratory studies EPA reviews, it evaluates the data and determines the tested dose at which no adverse effects were observed.

21.     Defendants deny Paragraph 21 as stated, although Defendants admit that in many cases EPA establishes a risk "level of concern" for pesticides, and that in some cases it has divided the no observed adverse effect level ("NOAEL") by 100 (comprised of a 10-fold factor for intraspecies variability and a 10-fold factor for inter-species variability) to establish its "level of concern" for a pesticide.

22.     Defendants deny the first sentence of Paragraph 22 as stated although Defendants admit that where EPA has used a NOAEL as a point of departure, it has described the difference between estimated exposures levels and the NOAEL as the "margin of exposure."  Defendants deny the second sentence in Paragraph 22 as stated, although Defendants admit that in many cases EPA uses a 100-fold uncertainty factor to establish its "level of concern" for worker risk from pesticides.  Defendants deny the allegations in the third sentence of Paragraph 22 as stated and aver that a lower Margin of Exposure ("MOE") for a given pesticide generally indicates a greater degree of risk than a higher MOE for that pesticide.

23.    Defendants deny the allegations of the first sentence of Paragraph 23 as stated and aver that when uncertainty factors vary for the different routes of potential occupational exposure, EPA has sometimes combined the margins of exposure for the different routes of exposure into an aggregate risk index ("ARI").  Defendants deny the second sentence of Paragraph 23 and aver that it has considered an ARI of less than one to be a risk of concern.  Defendants deny the third sentence of Paragraph 23 and aver that a lower ARI for a given pesticide generally indicates a greater degree of occupational risk than a higher ARI for that pesticide.

24.    Defendants deny the allegations of the first and second sentences of Paragraph 24 as stated and aver that, in applying the FIFRA risk-benefit standard, EPA has sometimes imposed additional mitigation measures, including increased personal protective equipment ("PPE") such as chemical resistant clothing and respirators and engineering controls such as closed pesticide mixing, loading and application systems designed to reduce exposure to farmworkers who mix and load pesticides.  The allegations in the third sentence of Paragraph 24 contain conclusions of law, to which no response is required.

25.    Defendants deny the allegations of the first sentence of Paragraph 25 as stated and aver that EPA has estimated the risks from non-threshold human health effects in the regulation of pesticides.  The allegations in the second sentence of Paragraph 25 characterize Congressional findings related to the Federal Food, Drug and Cosmetic Act, to which no response is required.  The allegations in the third sentence of Paragraph 25 contain conclusions of law, to which no response is required.  Defendants deny the allegations in the fourth sentence of Paragraph 25 as stated and aver that EPA has considered worker cancer risk greater than one in one million to be a risk of concern and that EPA has allowed the continued use of pesticides posing risks between one in one million and one in ten thousand based on a determination that the benefits of continued use outweigh the risks of the pesticide.  The allegations in the fifth sentence of Paragraph 25 contain conclusions of law, to which no response is required.  To the extent that a

1  response is required to factual allegations set forth in the fifth sentence of Paragraph 25,

2  Defendants deny the allegations as stated.

3       26.    Defendants admit that EPA often prepares ecological risk assessments in

4  determining whether to register or reregister a pesticide.  Defendants deny the remaining

5  allegations of the first sentence of Paragraph 26.  Defendants deny the allegations in the second

6  sentence of paragraph 26 as stated and aver that EPA has established certain levels of concern for

7  non-target wildlife based on laboratory data regarding lethality of a pesticide to the test subject.

8  As to the allegations in the third sentence of paragraph 26, Defendants admit that in evaluating

9  the ecological effects of pesticides, EPA has calculated risk quotients that are ratios of estimated

10  environmental concentrations and toxicity endpoint values but otherwise denies the allegations in

11  this sentence.  Defendants deny the allegation in the fourth sentence of Paragraph 26 as stated

12  and aver that in applying the FIFRA risk-benefit standard, EPA has sometimes imposed risk

13  mitigation measures on pesticides to address, and in some cases, eliminate ecological risks of

14  concern.

15       27.    Paragraph 27 contains conclusions of law to which no response is required.

16       28.    Defendants deny the allegation in the first sentence of Paragraph 28. The second

17  sentence of Paragraph 28 cites reports which speak for themselves and are the best evidence of

18  their contents.  Defendants deny the allegations in the third sentence of Paragraph 28.

19       29.    Paragraph 29 characterizes the Federal Food Drug and Cosmetic Act ("FFDCA"),

20  which speaks for itself and is the best evidence of its contents.

21       30.    The first sentence of Paragraph 30 characterizes the Food Quality Protection Act

22  ("FQPA") which speaks for itself and is the best evidence of its contents.  The second sentence

23  characterizes an unspecified amendment to FIFRA which speaks for itself and is the best

24  evidence of its contents.

25       31.    The allegations set out in this paragraph purport to characterize, summarize,

26  and/or quote the Endangered Species Act ("ESA"), which speaks for itself and is the best

27  evidence of its contents, and no response is required.  Nonetheless, to the extent that a response

1    to this paragraph is deemed necessary or required, Defendants deny the allegations set out in this

2    paragraph to the extent that they are contrary to the plain language and meaning of the ESA.

3         32.    The allegations set out in this paragraph also purport to characterize, summarize,

4    and/or quote from Title 50, Part 402, Section 14 of the Code of Federal Regulations and a

5    document published at page 19,949 of the June 3, 1986 issue of the *Federal Register*, which

6    speak for themselves and are the best evidence of their contents.  Nonetheless, to the extent that a

7    response to this paragraph is deemed necessary or required, Defendants deny the allegations set

8    out in this paragraph to the extent that they are contrary to the plain language and meaning of

9    Title 50, Part 402, Section 14 of the Code of Federal Regulations and the document published at

10    page 19,949 the June 3, 1986 issue of the *Federal Register*.

11         33.    The allegations set out in this paragraph purport to characterize, summarize,

12    and/or quote the ESA, which speaks for itself and is the best evidence of its contents, and no

13    response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

14    necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

15    they are contrary to the plain language and meaning of the ESA.

16         34.    The allegations set out in this paragraph purport to characterize, summarize,

17    and/or quote the ESA, which speaks for itself and is the best evidence of its contents, and no

18    response is required.  Nonetheless, to the extent that a response to this paragraph is deemed

19    necessary or required, Defendants deny the allegations set out in this paragraph to the extent that

20    they are contrary to the plain language and meaning of the ESA.

21    **II.**    **EPA's RE-REGISTRATION OF THE ORGANOPHOSPHATE**

22        **PESTICIDES AT ISSUE**

23         35.    Defendants admit the first sentence of Paragraph 35.  Defendants deny the second

24    sentence of Paragraph 35.  With regard to the allegations in the third sentence of paragraph 35,

25    EPA has issued extensive human health risk assessments for the four organophosphate pesticides

26    at issue in this matter that set forth in detail EPA's position regarding the potential human health

1  effects from exposure to these pesticides.  Those documents speak for themselves and are the

2  best evidence of their contents.

3      36.      With regard to the allegations in Paragraph 36, EPA has issued extensive human

4  health risk assessments for the four organophosphate pesticides at issue in this matter that set

5  forth in detail EPA's position regarding the potential human health effects from exposure to these

6  pesticides. Those documents speak for themselves and are the best evidence of their contents.

7  To the extent the allegations in paragraph 36 raise concerns about possible effects not identified

8  in those documents, EPA lacks knowledge and information sufficient to form a belief as to the

9  truth of the allegations in this paragraph and on that basis denies the same.

10      37.      EPA admits that inhalation and dermal contact are potential pathways for worker

11  exposure to some organophosphates when they mix, handle, or apply certain of these pesticides

12  or come into contact with treated crops.  Defendants deny the remaining allegations of the first

13  sentence of Paragraph 37.  With respect to the second sentence of Paragraph 37, Defendants

14  deny those allegations and aver that some people may be exposed to organophosphates by eating

15  food with organophosphate residues.  As for the third sentence of Paragraph 37, Defendants deny

16  those allegations and aver that children and other bystanders may be exposed to

17  organophosphates from drift, eating food with organophosphate residues, and coming into

18  contact with items containing organophosphate residues.

19      38.      The first sentence of Paragraph 38 summarizes and quotes from a document

20  published at 65 Fed. Reg. 42,201 (Aug. 4, 1997), which speaks for itself and is the best evidence

21  if its contents.  With regard to the allegations in the second sentence of Paragraph 38, Defendants

22  admit that EPA issued IREDs for the four organophosphates at issue in this case between 2000

23  and 2002 and that it issued IREDs for some other organophosphates during that period as well.

24  The allegations in the third sentence of Paragraph 38 constitute legal conclusions to which no

25  response is required.

26      39.      Defendants admit the allegations of Paragraph 39.

1    40.    Defendants admit the allegations in the first two sentences of Paragraph 40. The

2    remaining allegations in Paragraph 40 purport to summarize EPA estimates of methidathion

3    usage published in 2004, a document which speaks for itself and is the best evidence of its

4    contents.

5    41.    The first sentence of Paragraph 41 purports to summarize the Canadian Pesticide

6    Management Regulatory Authority's ("PMRA") cancellation of methidathion. The

7    circumstances of the cancellation of that pesticide in Canada are set forth in PMRA's Re-

8    evaluation Document - Rev 2001-01, which speaks for itself and is the best evidence of its

9    contents. EPA lacks sufficient knowledge to admit or deny the second sentence of Paragraph 41.

10    42.    Defendants admit the allegations in the first sentence of Paragraph 42: that the

11    *Methidathion Interim Reregistration Eligibilty Decision* ("Methidathion IRED") was signed on

12    September 28, 2001. EPA otherwise denies the allegations in that sentence other than to admit

13    that the Methidathion IRED was completed in April 2002. Defendants admit the second

14    sentence of Paragraph 42.

15    43.    The allegations in Paragraph 43 refer to unspecified reports and are vague and

16    ambiguous and Defendants deny them on that basis.

17    44.    Defendants admit that exposure to methidathion can cause cholinsterase inhibition

18    in humans and wildlife. Defendants otherwise deny the allegations in the first sentence of

19    Paragraph 44 as stated on the basis that they are vague and ambiguous. Defendants deny the

20    second sentence of Paragraph 44.

21    45.    Paragraph 45 purports to characterize a May 2007 proposal of the California

22    Department of Pesticide Regulation, a document which speaks for itself and is the best evidence

23    of its contents.

24    46.    Paragraph 46 characterizes an EPA Federal Register document published at 72

25    Fed. Reg. 33,486 (June 18, 2007), which speaks for itself and is the best evidence of its contents.

47.    The first sentence of Paragraph 47 constitutes conclusions of law to which no response is required.  The remaining allegations in Paragraph 47 characterize the Methidathion IRED, a document which speaks for itself and is the best evidence of its contents.

48.    Paragraph 48 purports to characterize reports and monitoring data which speak for themselves and are the best evidence of their contents.

49.    Paragraph 49 quotes and characterizes the methidathion IRED, a document which speaks for itself and is the best evidence of its contents.

50.    Paragraph 50 characterizes EPA's published assessment of children's risks from methidathion exposure, a document which speaks for itself and is the best evidence of its contents.

51.    The allegations set out in this paragraph purport to characterize, summarize, and/or quote the Methidathion IRED, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the remaining allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Methidathion IRED.

52.    The allegations set out in this paragraph purport to characterize, summarize, and/or quote the Methidathion IRED, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Methidathion IRED.

53.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the first and second sentence of this paragraph and, on that basis, deny those allegations.  The allegations set out in the third and fourth sentences of this paragraph purport to characterize, summarize, and/or quote the Methidathion IRED, which speaks for itself and is the best evidence of its contents, and no response is required.

1  Nonetheless, to the extent that a response to the allegations set out in the third and fourth

2  sentences of this paragraph is deemed necessary or required, Defendants deny these allegations

3  to the extent that they are contrary to the plain language and meaning of the Methidathion IRED.

4  Defendants deny the allegations contained in the fifth sentence of this paragraph and aver that EPA

5  consulted on Methidathion in 1989.  Defendants deny the allegations set out in the sixth sentence and

6  aver that no consultation on Methidathion initiated by EPA subsequent to issuing the 2002

7  Methidathion IRED has been concluded.

8       54.     Defendants deny the allegations set out in the first sentence of this paragraph and

9  aver that pursuant to a court order, EPA has initiated consultation with the National Marine

10  Fisheries Service ("NMFS") on the effects of registered uses of methidathion on 19

11  Evolutionarily Significant Units ("ESU") of Pacific salmon and steelhead.  Defendants deny the

12  allegations set out in the second sentence of this paragraph and aver that the consultation is not

13  concluded and that uses of methidathion subject to the consultation are currently registered.

14       55.     The allegations contained in the first sentence of Paragraph 55 constitute

15  conclusions of law to which no response is required.  The second sentence of Paragraph 55 is too

16  vague and ambiguous to enable Defendants to admit or deny.

17       56.     The first sentence of Paragraph 56 is too vague and ambiguous to enable EPA to

18  admit or deny.  The second sentence of Paragraph 56 contains conclusions of law, to which no

19  response is required.

20       57.     The allegations contained in Paragraph 57 characterize the Methidathion IRED, a

21  document which speaks for itself and is the best evidence of its contents.

22       58.     Paragraph 58 characterizes the methidathion IRED, a document which speaks for

23  itself and is the best evidence of its contents.

24       59.     Paragraph 59 characterizes the *Oxydemeton-methyl Interim Reregistration*

25  *Eligibilty Decision* ("ODM IRED"), a document which speaks for itself and is the best evidence

26  of its contents.

1    60.    Paragraph 60 characterizes the ODM IRED, a document which speaks for itself

2    and is the best evidence of its contents.

3    61.    Defendants admit the allegations of Paragraph 61.

4    62.    Defendants admit that exposure to ODM and other organophosphates can cause

5    cholinsterase inhibition in humans and wildlife.  EPA otherwise denies the allegations in the first

6    sentence of Paragraph 62 on the basis that they are vague and ambiguous.  The second sentence

7    of Paragraph 62 characterizes incident reports identified in a 2002 document entitled "Fields of

8    Poisons 2002 California Farmworkers and Pesticides," which speaks for itself and is the best

9    evidence of its contents.  The third sentence of Paragraph 62 characterizes an EPA memorandum

10   summarizing incidents reports ODM, which speaks for itself and is the best evidence of its

11   contents.

12   63.    Paragraph 63 characterizes the ODM IRED, a document which speaks for itself

13   and is the best evidence of its contents.

14   64.    The first and second sentences of Paragraph 64 characterize the ODM IRED, a

15   document which speaks for itself and is the best evidence of its contents.  Defendants deny the

16   allegations in the third sentence of Paragraph 64 and aver that a lower aggregate risk index

17   ("ARI") for a given pesticide generally indicates a greater degree of risk than a higher ARI for

18   that pesticide.

19   65.    The first and second sentences of Paragraph 65 characterize the ODM IRED, a

20   document which speaks for itself and is the best evidence of its contents.  The third sentence of

21   Paragraph 65 contains conclusions of law, to which no response is required.

22   66.    The first sentence of Paragraph 66 characterizes the ODM IRED, a document

23   which speaks for itself and is the best evidence of its contents.  Defendants deny the second

24   sentence of Paragraph 66.

25   67.    Paragraph 67 characterizes an EPA memorandum summarizing incidents reports

26   ODM, which speaks for itself and is the best evidence of its contents.

68.     The allegations contained in the first sentence of Paragraph 68 constitute conclusions of law to which no response is required.  The second and third sentences of Paragraph 68 characterize the ODM IRED, a document which speaks for itself and is the best evidence of its contents.

69.     The allegations set out in the this paragraph purport to characterize, summarize, and/or quote the ODM IRED which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the ODM IRED.

70.     The allegations set out in this paragraph purport to characterize, summarize, and/or quote the ODM IRED, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the ODM IRED.

71.     The allegations set out in the first, second, and third sentence of this paragraph purport to characterize, summarize, and/or quote the ODM IRED, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the first, second, and third sentence of this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the ODM IRED.  The allegations set out in the fourth sentence of this paragraph purport to characterize, summarize, and/or quote the ODM IRED and the *Oxydemeton-methyl Reregistration Eligibilty Decision* ("ODM RED"), which speak for themselves and are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the first, second, and third sentence of this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the ODM IRED and the ODM RED.

1    72.    The allegations set out in the first sentence of this paragraph purport to characterize,

2    summarize, and/or quote the ODM IRED and a biological opinion issued by the U.S. Fish and

3    Wildlife Service ("FWS") in 1989, which speak for themselves and are the best evidence of their

4    contents, and no response is required.  Nonetheless, to the extent that a response to the

5    allegations set out in the first sentence of this paragraph is deemed necessary or required,

6    Defendants deny these allegations to the extent that they are contrary to the plain language and

7    meaning of the ODM IRED and the biological opinion.  Defendants admit the allegations set out

8    in the first eleven words of the second sentence of this paragraph.  Defendants deny the

9    remaining allegations set out in the second sentence of this paragraph and aver that EPA

10   implemented an Endangered Species Protection Program to address, through county bulletins,

11   the risks identified in the 1989 biological opinion.

12   73.    The allegations set out in the first sentence of this paragraph and the first six words

13   of the fourth sentence purport to characterize, summarize, and/or quote the ODM IRED, which

14   speaks for itself and is the best evidence of its contents, and no response is required.

15   Nonetheless, to the extent that a response to the allegations set out in the first sentence of this

16   paragraph or the first six words of the fourth sentence is deemed necessary or required,

17   Defendants deny these allegations to the extent that they are contrary to the plain language and

18   meaning of the ODM IRED.  Defendants are without information or knowledge sufficient to

19   form a belief as to the truth of the allegations set out in the second and third sentence of this

20   paragraph and, on that basis, deny those allegations.  Defendants deny the allegations set out in

21   the latter thirteen words of the fourth sentence of this paragraph, and aver that EPA consulted on

22   ODM in 1989.  Defendants deny the allegations set out in the fifth sentence and aver that no

23   consultation on ODM initiated by EPA subsequent to issuing the 2002 ODM IRED has been

24   concluded.

25   74.    Defendants deny the allegations set out in the first sentence of this paragraph and

26   aver that pursuant to a court order, EPA has initiated consultation with FWS on the effects of

27   registered uses of ODM on the California red-legged frog. Defendants deny the allegations set

1    out in the second sentence of this paragraph and aver that the consultation has not been

2    concluded and that uses of ODM subject to the consultation are currently registered.

3        75.    Paragraph 75 characterizes the ODM IRED, a document which speaks for itself

4    and is the best evidence of its contents.  Defendants deny the allegation in the second sentence of

5    Paragraph 75 that the document entitled "Oxydemeton-methyl Addendum" is not publicly

6    available.

7        76.    The first and second sentences of Paragraph 76 characterizes the ODM IRED, a

8    document which speaks for itself and is the best evidence of its contents.  Defendants deny the

9    third and fourth sentences of Paragraph 76 on the basis that they are vague ambiguous.

10        77.    Paragraph 77 characterizes the *Methamidophos Interim Reregistration Eligibilty

11    Decision* ("Methamidophos IRED"), a document which speaks for itself and is the best evidence

12    of its contents.

13        78.    Paragraph 78 characterizes the Methamidophos IRED, a document which speaks

14    for itself and is the best evidence of its contents.

15        79.    Defendants admit the allegations in Paragraph 79.

16        80.    Paragraph 80 quotes and characterizes the Methamidophos IRED, a document

17    which speaks for itself and is the best evidence of its contents.

18        81.    The first sentence of paragraph 81 characterizes EPA's 1999 assessment of

19    incident reports, a document which speaks for itself and is the best evidence of its contents.  The

20    second sentence of paragraph 81 characterizes Poison Control Center data from 1985-1992, data

21    which speak for themselves and are the best evidence of their contents.

22        82.    The first sentence of Paragraph 82 characterizes an EPA Federal Register notice

23    published at 72 Fed. Reg. 33,486 (June 18, 2007), which speaks for itself and is the best evidence

24    of its contents.  The second and third sentences of paragraph 82 characterize the Methamidophos

25    IRED, a document which speaks for itself and is the best evidence of its contents.

26        83.    Paragraph 83 characterizes the Methamidophos IRED, a document which speaks

27    for itself and is the best evidence of its contents.

84.     The first sentence of Paragraph 84 characterizes a preliminary EPA assessment, a document which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 84 characterizes the Methamidophos IRED, a document which speaks for itself and is the best evidence of its contents. Defendants deny the third sentence of paragraph 84.

85.     Defendants deny the first sentence of Paragraph 85 and aver that children and bystanders can be exposed to methamidophos through volatilization and drift resulting from the application of the pesticide. Defendants deny the second sentence of Paragraph 85 on the basis that it is vague and ambiguous. The third sentence of paragraph 85 characterizes the Methamidophos IRED, a document which speaks for itself and is the best evidence of its contents.

86.     The allegations of the first sentence of Paragraph 86 characterize an unspecified 2004 study and is vague and ambiguous such that Defendants cannot admit or deny. The second and third sentences of Paragraph 86 characterize the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speaks for itself and is the best evidence of its contents.

87.     Paragraph 87 characterizes the Methamidophos IRED, a document which speaks for itself and is the best evidence of its contents.

88.     The allegations set out in the this paragraph purport to characterize, summarize, and/or quote the Methamidophos IRED, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Methamidophos IRED.

89.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set out in the first and second sentence of this paragraph and, on that basis, deny those allegations. The allegations set out in the third sentence of this paragraph purport to characterize, summarize, and/or quote the Methamidophos IRED, which speaks for itself and

is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the third sentence of this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Methamidophos IRED.

90.    The allegations set out in this paragraph purport to characterize, summarize, and/or quote the Methamidophos IRED, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Methamidophos IRED.

91.    The allegations set out in the first sentence, the second sentence, and the first fourteen words of the third sentence of this paragraph purport to characterize, summarize, and/or quote the Methamidophos IRED, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the first sentence, the second sentence, and the first fourteen words of the third sentence of this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Methamidophos IRED.  Defendants admit the allegations set out in the remainder of the third sentence of this paragraph.  Defendants deny the allegations set out in the fourth sentence of this paragraph as stated and aver that since EPA issued the 2002 Methamidophos IRED, no ESA consultation initiated by EPA pertaining to ODM has been concluded.

92.    Defendants deny the allegations set out in the first sentence of this paragraph as stated and aver that pursuant to court orders: (1) EPA has initiated consultation with NMFS on the effects of registered uses of methamidophos on three ESUs of Pacific salmon and steelhead and (2) EPA has initiated consultation with FWS on the effects of registered uses of methamidophos on the California red-legged frog.  Defendants deny the allegations set out in the second sentence of this paragraph as stated and aver that neither consultation has been concluded and that uses of methidathion subject to the consultation are currently registered.

1    93.    Paragraph 93 characterizes the Methamidophos IRED, a document which speaks

2    for itself and is the best evidence of its contents.

3    94.    Paragraph 94 characterizes the Methamidophos IRED, a document which speaks

4    for itself and is the best evidence of its contents.

5    95.    The first sentence of Paragraph 95 characterizes the *Ethoprop Interim*

6    *Reregistration Eligibility Decision* ("Ethoprop IRED"), a document which speaks for itself and is

7    the best evidence of its contents.  Defendants deny the allegations in the second sentence of

8    Paragraph 95 as stated and aver that EPA announced the availability of the Ethoprop IRED in

9    December 2002 and issued an addendum to the Ethoprop IRED in 2006 regarding emulsifiable

10    concentrate formulations.  The third and fourth sentences of Paragraph 95 characterize the

11    Ethoprop IRED, a document which speaks for itself and is the best evidence of its contents.

12    96.    Defendants admit the allegations in Paragraph 96.

13    97.    Paragraph 97 characterizes the Ethoprop IRED, a document which speaks for

14    itself and is the best evidence of its contents.

15    98.    Paragraph 98 characterizes the Ethoprop IRED, a document which speaks for

16    itself and is the best evidence of its contents.

17    99.    Paragraph 99 characterizes the Ethoprop IRED, a document which speaks for

18    itself and is the best evidence of its contents.

19    100.    Defendants admit the allegations in the first sentence of Paragraph 100.  The

20    second sentence of Paragraph 100 purports to quote and characterize the Ethoprop IRED, a

21    document which speaks for itself and is the best evidence of its contents.

22    101.    Paragraph 101 characterizes the Ethoprop IRED, a document which speaks for

23    itself and is the best evidence of its contents.

24    102.    Paragraph 102 purports to quote and characterize the Ethoprop IRED, a document

25    which speaks for itself and is the best evidence of its contents.

26    103.    The first sentence of Paragraph 103 characterizes the Ethoprop IRED, a document

27    which speaks for itself and is the best evidence of its contents.  The second sentence of

Paragraph 103 characterizes a registrant-generated biomonitoring study of ethoprop, a document which speaks for itself and is the best evidence of its contents. The third and fourth sentences of Paragraph 103 purport to quote and characterize the Ethoprop IRED Addendum, a document which speaks for itself and is the best evidence of its contents.

104.    Paragraph 104 characterizes the Ethoprop IRED, a document which speaks for itself and is the best evidence of its contents.

105.    Paragraph 105 characterizes a 1998 California Air Resources Board Study, a document which speaks for itself and is the best evidence of its contents.

106.    The first sentence of Paragraph 106 characterizes the Ethoprop IRED, a document which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 106 characterizes EPA's aggregate risk assessment of Ethoprop, a document which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the third sentence Paragraph 106 as stated regarding whether EPA considered or assessed child and bystander risk and exposures to Ethoprop on the basis that they are vague and ambiguous.

107.    The allegations set out in Paragraph 107 purport to characterize, summarize, and/or quote the Ethoprop IRED, which speaks for itself and is the best evidence of its contents, and thus no response is required. Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Ethoprop IRED.

108.    The allegations set out in Paragraph 108 purport to characterize, summarize, and/or quote the Ethoprop IRED, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to the allegations set out in this paragraph is deemed necessary or required, Defendants deny these allegations to the extent that they are contrary to the plain language and meaning of the Ethoprop IRED.

109.    The allegations set out in the first sentence of this paragraph purport to characterize, summarize, and/or quote the Ethoprop IRED, which speaks for itself and is the best evidence of its contents, and no response is required. Nonetheless, to the extent that a response to the

1    allegations set out in the first sentence of this paragraph is deemed necessary or required,

2    Defendants deny these allegations to the extent that they are contrary to the plain language and

3    meaning of the Ethoprop IRED.  Defendants are without information or knowledge sufficient to

4    form a belief as to the truth of the allegations set out in the second and third sentence of this

5    paragraph as stated and, on that basis, deny those allegations. Defendants deny the allegations set

6    out in the fourth sentence of this paragraph as stated (not including the final five words) and aver

7    that EPA has initiated consultation with NMFS on the effects of registered uses of ethoprop on

8    18 ESUs of Pacific salmon and steelhead. As to the final five words of the fourth sentence of this

9    paragraph, these allegations purport to characterize, summarize, and/or quote the document

10    *Ethoprop: Analysis of Risks to Endangered and Threatened Pacific Salmon and Steelhead*

11    ("Ethoprop Analysis") which speaks for itself and is the best evidence of its contents, and no

12    response is required. Nonetheless, to the extent that a response to the allegations set out in the

13    final five words of the fourth sentence of this paragraph is deemed necessary or required,

14    Defendants deny these allegations to the extent that they are contrary to the plain language and

15    meaning of the Ethoprop Analysis.  With respect to the fifth sentence of this paragraph,

16    Defendants admit that the consultation with NMFS on the effects of registered uses of ethoprop

17    on 18 ESUs of Pacific salmon and steelhead has not been concluded.

18         110.    The allegations set out in the first sentence of this paragraph purport to characterize,

19    summarize, and/or quote unidentified biological opinions issued by FWS in the 1980s, which

20    speak for themselves and are the best evidence of their contents, and no response is required.

21    Nonetheless, to the extent that a response to the allegations set out in the first sentence of this

22    paragraph is deemed necessary or required, Defendants deny these allegations to the extent that

23    they are contrary to the plain language and meaning of the unidentified biological opinions.

24    Defendants deny the allegations set out in the first nine words of the second sentence of this

25    paragraph as stated and aver that EPA has not implemented the mitigation measures identified in

26    the biological opinions issued by FWS for Ethoprop in the 1980s.  The remaining allegations set

27    out in the second sentence of this paragraph purport to characterize the Ethoprop IRED, which

1    speaks for itself and is the best evidence of its contents. Nonetheless, to the extent that a response

2    to these allegations is deemed necessary or required, Defendants deny the remaining allegations

3    set out in the second sentence of this paragraph to the extent that they are contrary to the plain

4    language and meaning of the Ethoprop IRED.

5        111.    The allegations set out in this paragraph purport to characterize, summarize, and/or

6    quote the Ethoprop IRED, which speaks for itself and is the best evidence of its contents, and no

7    response is required. Nonetheless, to the extent that a response to the allegations set out in the

8    first and second sentence of this paragraph is deemed necessary or required, Defendants deny

9    these allegations to the extent that they are contrary to the plain language and meaning of the

10   Ethoprop IRED.

11       112.    Defendants admit the first sentence of Paragraph 112.  The second and third

12   sentences of Paragraph 112 characterize the 2006 Addendum to the Ethoprop IRED, a document

13   which speaks for itself and is the best evidence of its contents.

14       113.    The allegations of the first sentence of Paragraph 113 contain conclusions of law

15   to which no response is required.  The second sentence of Paragraph 113 characterizes the

16   Ethoprop IRED, a document which speaks for itself and is the best evidence of its contents.  The

17   allegations of the third sentence of Paragraph 113 constitute conclusions of law to which no

18   response is required.

19       114.    The allegations of the first sentence of Paragraph 114 characterize the 2006

20   Addendum to the Ethoprop IRED, a document which speaks for itself and is the best evidence of

21   its contents.  The allegations of the second sentence of Paragraph 114 constitute conclusions of

22   law to which no response is required.

23       115.    Paragraph 115 characterizes the EPA Memorandum Finalizing IREDs for

24   Organophosphate Pesticides, July 31, 2006, which speaks for itself and is the best evidence of its

25   contents.

1

2                                    **CAUSES OF ACTION**

3          116.    Paragraph 116 characterizes and quotes portions of FIFRA, which speaks for

4    itself and is the best evidence of its contents.

5          117.    Paragraph 117 contains conclusions of law, to which no response is required.

6          118.    The first sentence of Paragraph 118 contains conclusions of law, to which no

7    response is required.  The second sentence of Paragraph 118 characterizes the methidathion

8    IRED, which speaks for itself and is the best evidence of its contents.

9          119.    The first sentence of Paragraph 119 characterizes FIFRA, which speaks for itself

10   and is the best evidence of its contents.  The second sentence of Paragraph 119 contains

11   conclusions of law to which no response is required.  The third and fourth sentences of

12   Paragraph 119 characterize the methidathion IRED and the EPA Memorandum Finalizing IREDs

13   for Organophosphate Pesticides, July 31, 2006, which speak for themselves and are the best

14   evidence of their contents.  The fifth and sixth sentences of Paragraph 119 constitute conclusions

15   of law to which no response is required.

16         120.    The first sentence of Paragraph 120 contains conclusions of law, to which no

17   response is required.  The second sentence of Paragraph 120 characterizes the methidathion

18   IRED, which speaks for itself and is the best evidence of its contents.

19         121.    The first sentence of Paragraph 121 characterizes FIFRA, which speaks for itself

20   and is the best evidence of its contents. The second sentence of Paragraph 121 contains

21   conclusions of law to which no response is required.  The third and fourth sentences of

22   Paragraph 121 characterize the ODM IRED and the EPA Memorandum Finalizing IREDs for

23   Organophosphate Pesticides, July 31, 2006, which speak for themselves and are the best

24   evidence of their contents.  The allegations of the fifth and sixth sentences of Paragraph 121

25   constitute conclusions of law to which no response is required.

122.    The first sentence of Paragraph 122 contains conclusions of law, to which no response is required.  The second sentence of Paragraph 122 characterizes the methamidophos IRED, which speaks for itself and is the best evidence of its contents.

123.    The first sentence of Paragraph 123 characterizes FIFRA, which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 123 contains conclusions of law to which no response is required.  The third and fourth sentences of Paragraph 123 characterize the methamidophos IRED and the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speak for themselves and are the best evidence of their contents.  The fifth and sixth sentences of Paragraph 123 constitute conclusions of law to which no response is required.

124.    The allegations of the first sentence of Paragraph 124 constitute conclusions of law, to which no response is required.  The second sentence of Paragraph 124 characterizes the ethoprop IRED, which speaks for itself and is the best evidence of its contents.

125.    The first sentence of Paragraph 125 characterizes FIFRA, which speaks for itself and is the best evidence of its contents. The second sentence of Paragraph 125 contains conclusions of law to which no response is required.  The third and fourth sentences of Paragraph 123 characterize the ethoprop IRED and the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speak for themselves and are the best evidence of their contents.  The fifth and sixth sentences of Paragraph 125 constitute conclusions of law to which no response is required.

126.    Paragraph 126 characterizes the methidathion, ODM, methamidophos and ethoprop IREDs, which speak for themselves and are the best evidence of their contents.

127.    Defendants admit the first sentence of Paragraph 127.  The second sentence of Paragraph 127 characterizes the 2006 Organophosphate Cumulative Risk Assessment, which speaks for itself and is the best evidence of its contents.  The allegations of the third sentence of Paragraph 127 constitute conclusions of law to which no response is required.

128.    The allegations set out in the first two sentences of this paragraph purport to characterize, summarize, and/or quote the ESA and Title 50, Part 402, Section 14 of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to the first two sentences of this paragraph is deemed necessary or required, Defendants deny the allegations set out in the first two sentences of this paragraph to the extent that they are contrary to the plain language and meaning of the ESA and Title 50, Part 402, Section 14 of the Code of Federal Regulations.  The allegations set out in the third sentence of this paragraph constitute conclusions of law, to which no response is required.

129.    The allegations set out in the first sentence of this paragraph purport to characterize, summarize, and/or quote the ESA and Title 50, Part 402, Section 2 of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to the first sentence of this paragraph is deemed necessary or required, Defendants deny the allegations set out in this paragraph to the extent that they are contrary to the plain language and meaning of the ESA and Title 50, Part 402, Section 14 of the Code of Federal Regulations.  The allegations set out in the second sentence of this paragraph constitute conclusions of law, to which no response is required.

130.    The allegations set out in this paragraph purport to characterize, summarize, and/or quote the ESA, which speaks for itself and is the best evidence of its contents, and no response is required.  Nonetheless, to the extent that a response to this paragraph is deemed necessary or required, Defendants deny the allegations set out in this paragraph to the extent that they are contrary to the plain language and meaning of the ESA.

131.    The allegations set out in the first sentence of this paragraph purport to characterize, summarize, and/or quote unidentified ecological risk assessments prepared for methidathion, which speak for themselves and are the best evidence of their contents, and no response is required.  Nonetheless, to the extent that a response to the allegations set out in the

1    first sentence of this paragraph is deemed necessary or required, Defendants deny these

2    allegations to the extent that they are contrary to the plain language and meaning of the

3    unidentified ecological risk assessments prepared for methidathion.  Defendants are without

4    information or knowledge sufficient to form a belief as to the truth of the allegations set out in

5    the second and third sentences of this paragraph and, on that basis, deny those allegations.

6         132.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

7    claims and conclusions of law, to which no response is required.

8         133.    Defendants deny the allegations set out in the first sentence of this paragraph as

9    stated and aver that pursuant to a court order, EPA has initiated consultation with the NMFS on

10   the effects of registered uses of methidathion on 19 ESUs of Pacific salmon and steelhead.

11   Defendants further aver that this consultation is not concluded.  Defendants deny the allegations

12   set out in the first fourteen words of the second sentence of this paragraph as stated and aver that

13   the consultation has not been concluded and that uses of methidathion subject to the consultation

14   are currently registered.  The allegations set out in the remainder of the second sentence

15   constitute a characterization of Plaintiffs' claims and conclusions of law, to which no response is

16   required.

17        134.    The allegations set out in the first sentence of this paragraph purport to characterize,

18   summarize, and/or quote unidentified ecological risk assessments prepared for ODM, which

19   speak for themselves and are the best evidence of their contents, and no response is required.

20   Nonetheless, to the extent that a response to the allegations set out in the first sentence of this

21   paragraph is deemed necessary or required, Defendants deny these allegations to the extent that

22   they are contrary to the plain language and meaning of the unidentified ecological risk

23   assessments prepared for ODM.  Defendants are without information or knowledge sufficient to

24   form a belief as to the truth of the allegations set out in the second and third sentences of this

25   paragraph as stated and, on that basis, deny those allegations.

26        135.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

27   claims and conclusions of law, to which no response is required.

1    136.    Defendants deny the allegations set out in the first sentence of this paragraph as

2    stated and aver that pursuant to a court order, EPA has initiated consultation with FWS on the

3    effects of registered uses of ODM on the California red-legged frog.  EPA avers that this

4    consultation is not concluded. Defendants deny the allegations set out in the first fifteen words of

5    the second sentence of this paragraph and aver that this consultation is not concluded and that

6    uses of ODM subject to the consultation are currently registered. The allegations set out in the

7    remainder of the second sentence of this paragraph constitute a characterization of Plaintiffs'

8    claims and conclusions of law, to which no response is required.

9    137.    The allegations set out in the first sentence of this paragraph purport to characterize,

10   summarize, and/or quote unidentified ecological risk assessments prepared for methamidophos,

11   which speak for themselves and are the best evidence of their contents, and no response is

12   required.  Nonetheless, to the extent that a response to the allegations set out in the first sentence

13   of this paragraph is deemed necessary or required, Defendants deny these allegations to the

14   extent that they are contrary to the plain language and meaning of the unidentified ecological risk

15   assessments prepared for methamidophos.  Defendants are without information or knowledge

16   sufficient to form a belief as to the truth of the allegations set out in the second and third

17   sentences of this paragraph and, on that basis, deny those allegations.

18   138.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

19   claims and conclusions of law, to which no response is required.

20   139.    Defendants deny the allegations set out in the first sentence of this paragraph as

21   stated and aver that pursuant to court orders: (1) EPA has initiated consultation with NMFS on

22   the effects of registered uses of methamidophos on three ESUs of Pacific salmon and steelhead

23   and (2) EPA has initiated consultation with FWS on the effects of registered uses of

24   methamidophos on the California red-legged frog. EPA avers that these consultations are not

25   concluded. Defendants deny the allegations set out in the first fourteen words of the second

26   sentence of this paragraph and aver that neither consultation has been concluded and that uses of

27   methamidophos subject to the consultation are currently registered.  The allegations set out in the

1  remainder of the second sentence constitute a characterization of Plaintiffs' claims and

2  conclusions of law, to which no response is required.

3      140.    The allegations set out in the first sentence of this paragraph purport to characterize,

4  summarize, and/or quote unidentified ecological risk assessments prepared for ethoprop, which

5  speak for themselves and are the best evidence of their contents, and no response is required.

6  Nonetheless, to the extent that a response to the allegations set out in the first sentence of this

7  paragraph is deemed necessary or required, Defendants deny these allegations to the extent that

8  they are contrary to the plain language and meaning of the unidentified ecological risk

9  assessments prepared for methamidophos.  Defendants are without information or knowledge

10 sufficient to form a belief as to the truth of the allegations set out in the second and third

11 sentences of this paragraph and, on that basis, deny those allegations.

12     141.    The allegations set out in this paragraph constitute a characterization of Plaintiffs'

13 claims and conclusions of law, to which no response is required.

14     142.    Defendants deny the allegations set out in the first sentence of this paragraph as

15 stated and aver that, pursuant to court order, EPA has initiated consultation with NMFS on the

16 effects of registered uses of ethoprop on 18 ESUs of Pacific salmon and steelhead.  Defendants

17 aver that these consultations are not concluded.  Defendants deny the allegations set out in the

18 first fourteen words of the second sentence of this paragraph as stated and aver that the

19 consultation has not been concluded and that uses of ethoprop subject to the consultation are

20 currently registered.  The allegations set out in the remainder of the second sentence constitute a

21 characterization of Plaintiffs' claims and conclusions of law, to which no response is required.

22

23                         **<u>PRAYER FOR RELIEF</u>**

24     The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and requires no

25 response.  To the extent a response is required; Defendants deny that Plaintiffs are entitled to any

26 relief whatsoever.

## GENERAL DENIAL

Defendants hereby deny each and every allegation, explicit and implicit, in Plaintiffs' Complaint not specifically admitted, denied, or qualified herein, including Plaintiffs' claims and requests for relief

## DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, Defendants pray that judgment be entered for Defendants, that this action be dismissed with prejudice, that the Court order each party to bear their own costs and fees, and that the Court grant Defendants such other and further relief as may be appropriate.

Dated this 9th day of June, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/

LESLIE M. HILL (D.C. Bar No. 476008)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C. 20004
Leslie.Hill@usdoj.gov
Telephone (202) 514-0375
Facsimile (202) 514-8865

/s/

COURTNEY TAYLOR
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
601 D Street N.W., Suite 3033
Washington D.C. 20004
Courtney.Taylor@usdoj.gov
Telephone (202) 353-7548
Facsimile (202) 305-0275

1

2

Of Counsel:

3

MARK DYNER

4   DAVID BEROL
Office of General Counsel

5   United States Environmental Protection Agency

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2008, the foregoing **DEFENDANT U.S. EPA AND STEPHEN L. JOHNSON'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was filed electronically.  Pursuant to Civil L.R. 5-5 and General Order No. 45, a Notice of Electronic Filing will be sent to the following parties by operation of the Court's electronic filing system:

**Counsel for Plaintiffs:**

George Matthew Torgun
Earthjustice
426 Seventeenth Street
5th Floor
Oakland, CA 94612
gtorgun@earthjustice.org

Joshua Osborne-Klein
Earthjustice
705 Second Avenue
Suite 203
Seattle, WA 98104
josborne-klein@earthjustice.org

Kristen Lee Boyles
Earthjustice Legal Defense Fund
705 Second Avenue
Suite 203
Seattle, WA 98104-1711
kboyles@earthjustice.org

Shelley Davis
Farmworker Justice
1126 16th St, N.W.
Suite 270
Washington, DC 20036
sdavis@farmworkerjustice.org

Virginia Elizabeth Ruiz
Farmworker Justice
1126 16 St., NW, #270
Washington, DC 20036
vruiz@farmworkerjustice.org

Michael L. Meuter
California Rural Legal Assistance Inc
3 Williams Road
Salinas, CA 93905
mmeuter@crla.org

Jonathan Che Gettleman
California Rural Legal Assistance, Inc.
3 Williams Road
Salinas, CA 93905

**Counsel for Proposed Intervenor- Defendant:**

Seth D. Hilton
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA  98101
sdhilton@stoel.com

___/s/_____
Leslie M. Hill