1  STANLEY W. LANDFAIR (BAR NO. 160003)
     *slandfair@mckennalong.com*
2  ANN G. GRIMALDI (BAR NO. 160893)
     *agrimaldi@mckennalong.com*
3  DEBORAH L. COTE (BAR NO. 148315)
     *dcote@mckennalong.com*
4  MCKENNA LONG & ALDRIDGE LLP
   101 California Street, 41st Floor
5  San Francisco, CA  94111
   Telephone:     (415) 267-4000
6  Facsimile:     (415) 267-4198

7  Attorneys for Applicant-For-Intervention
   CROPLIFE AMERICA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PESTICIDE ACTION NETWORK NORTH AMERICA, *et al.*,<br><br>      Plaintiffs,<br><br>   v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, an agency of the United States; STEPHEN L. JOHNSON, Administrator, U.S. Environmental Protection Agency, in his official capacity,<br><br>      Defendants,<br><br>   and<br><br>CROPLIFE AMERICA,<br><br>      Applicant-for-Intervention. | CASE NO.  3:08-CV-01814-MHP<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>(Fed. R. Civ. P. 24)<br><br>HEARING DATE: July 28, 2008<br>TIME: 2:00 p.m.<br>COURTROOM: 15, 18th Floor |

MCKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SF:27290568.4

**NOTICE TO PLAINTIFFS, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on July 28, 2008 at 2:00 p.m. or as soon thereafter as the matter can be heard, before the Honorable Marilyn H. Patel, United States District Court Judge, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, CropLife America ("CLA"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 24(a)(2) and, alternatively, Rule 24(b)(2), will move this Court for leave to intervene as a defendant in the above-captioned action. This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Jay J. Vroom, President of CLA, and upon such other oral or documentary evidence as may be presented at the hearing of this motion.

CLA has contacted counsel for Defendant U.S. Environmental Protection Agency, Leslie Hill, who has informed CLA that EPA takes no position on this motion, and counsel for Plaintiffs, Kristen Lee Boyles, who has informed CLA that it will not oppose CLA's motion. In addition, Lynn Bergeson, counsel for Gowan Company, which also has moved to intervene in this action, has authorized CLA to state that Gowan Company does not oppose CLA's motion, but in consenting to this motion, does not wish to prejudice its pending intervention motion. Notwithstanding its membership in CLA, Gowan's interests as the sole registrant of ODM and the active registrant of technical methidathion, are not adequately represented by CLA, as evidenced by Gowan's prior pending motion to intervene in this action.

CLA also is filing a Stipulation and [Proposed] Order shortening time for the hearing on CLA's motion, so that CLA's and Gowan Company's intervention motions may be heard together.

Dated:    June 17, 2008                    MCKENNA LONG & ALDRIDGE LLP


By: _____
       STANLEY W. LANDFAIR
       ANN G. GRIMALDI
       DEBORAH L. CÔTÉ

Attorneys for Applicant-For-Intervention
CROPLIFE AMERICA

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

TABLE OF CONTENTS

PAGE

I. INTRODUCTION .................................................................................................................. 1

II. PROCEDURAL, REGULATORY AND FACTUAL BACKGROUND ............................... 2

    A. THE ACTION ............................................................................................................ 2

    B. STATUTORY BACKGROUND AND REGULATORY SCHEME ....................... 3

        1. FIFRA ........................................................................................................... 3

        2. THE ESA ...................................................................................................... 4

    C. CROPLIFE AMERICA ............................................................................................ 5

III. ARGUMENT ........................................................................................................................ 7

    A. CLA IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(A)(2) ............................................................................................................................ 7

        1. CLA'S MOTION IS TIMELY ................................................................... 7

        2. CLA HAS IDENTIFIABLE, SIGNIFICANTLY PROTECTABLE INTERESTS THAT MAY BE IMPAIRED OR IMPEDED BY DISPOSITION OF THE ACTION .................................................................. 8

        3. THE EXISTING PARTIES MAY NOT PROTECT CLA'S INTERESTS ADEQUATELY ...................................................................... 10

    B. ALTERNATIVELY, CLA SHOULD BE ALLOWED TO INTERVENE PERMISSIVELY ........................................................................................................ 12

IV. CONCLUSION ................................................................................................................... 13

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF:27290568.4

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Animal Protection Inst. v. Martin*
  241 F.R.D. 66 (D. Me. 2007) ................................................................................. 8

*Forest Conservation Council v. U.S. Forest Service*
  66 F.3d 1489 (9th Cir. 1993) ................................................................................ 9

*Kootenai Tribe of Idaho v. Veneman*
  313 F.3d 964 (9th Cir. 2002) ......................................................................... 12, 13

*National Association of Home Builders v. Defenders of Wildlife*
  127 S.Ct. 2518 (2007) ...................................................................................... 4, 6

*National Rural Telecommunications Co-op. v. DIRECTV, Inc.*
  319 F.Supp.2d 1094 (C.D.Cal. 2003) ................................................................ 10

*Natural Resources Defense Council v. Costle*
  561 F.2d 904 (D.C. Cir. 1977) .......................................................................... 11

*Natural Resources Defense Council v. EPA*
  99 F.R.D. 607 (D.D.C. 1983) ............................................................................. 8

*Northwest Forest Resource Council v. Glickman*
  82 F.3d 825 (9th Cir. 1996) ............................................................................... 10

*Portland Audubon Society v. Hodel*
  866 F.2d 302 (9th Cir. 1989) ............................................................................. 10

*Sierra Club v. EPA*
  995 F.2d 1478 (9th Cir. 1993) ............................................................................ 8

*Southwest Ctr. for Biological Diversity v. Berg*
  268 F.3d 810 (9th Cir. 2001) ............................................................... 7, 9, 10, 11

*United States v. Alisal Water Corp.*
  370 F.3d 915 (9th Cir. 2004) ........................................................................... 7, 8

*United States v. Oregon*
  745 F.2d 550 (9th Cir. 1984) .............................................................................. 7

*Verizon New England v. Maine Public Utilities Commission*
  229 F.R.D. 335 (D. Me. 2005) ............................................................................ 8

**ADMINISTRATIVE & EXECUTIVE MATERIALS**

69 Fed. Reg. 26819 (May 14, 2004) ............................................................................ 4

69 Fed. Reg. 26823 (May 14, 2004) ............................................................................ 4

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

# TABLE OF AUTHORITIES
*(continued)*

**PAGE(S)**

**RULES & REGULATIONS**

Federal Rules of Civil Procedure
    24(a)(2) ............................................................................................................. 2, 7, 8, 10, 12
    24(b)(2) ........................................................................................................................ 2, 12

**STATUTES**

7 United States Code
    §§ 136-136y ....................................................................................................................... 1
    § 136a(a) ............................................................................................................................ 3
    § 136a-1 ............................................................................................................................. 3
    § 136a-1(b) ........................................................................................................................ 4
    § 136a-1(m) ..................................................................................................................... 10
    § 136(bb) ........................................................................................................................... 4
    § 136a(c)(5) ....................................................................................................................... 3
    § 136n .............................................................................................................................. 10

16 United States Code
    §§ 1531-44 ........................................................................................................................ 4
    § 1533 ................................................................................................................................ 5
    § 1536(a)(2) ....................................................................................................................... 5

**LEGISLATIVE MATERIALS**

H.R. Rep. No. 92-511, at 1 (1972) ............................................................................................. 3

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- iii -

NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SF:27290568.4

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AS DEFENDANT

## I.   INTRODUCTION

CropLife America ("CLA") respectfully moves for leave to intervene as a defendant in this action against the U.S. Environmental Protection Agency ("EPA" or the "Agency'), in which the plaintiffs challenge the validity of EPA decisions authorizing "reregistration" of four organophosphate pesticides — methidathion, ODM, methamidophos and ethoprop — under the Federal Fungicide, Insecticide and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y.

CLA is the not-for-profit trade association for the plant science industry, representing producers, formulators and distributors of crop protection and pest control products. Two CLA members — Gowan Company, which also has moved for leave to intervene,[1] and Bayer CropScience ("Bayer"), which has not — own registrations for the pesticides at issue here. Beyond these two companies, CLA's membership encompasses approximately forty manufacturers, formulators, and distributors of agricultural pesticides. Collectively, these companies develop, manufacture, formulate, and distribute the active ingredients contained in virtually all of the herbicides, insecticides, fungicides, and other agricultural pesticides used by American farmers. These products are essential for production of safe, high-quality, abundant and affordable food, fiber and other crops.

The vast majority of CLA's members further own many of the registrations for pesticides that have been the subject of 360 previous "reregistration eligibility decisions" ("REDs") that have been issued by EPA thus far, and 24 further REDs that EPA is scheduled to issue this year, many (if not all) of which could be affected by this Court's rulings on plaintiffs' claims. Although plaintiffs' claims are directed in the first instance to the four pesticides identified in plaintiffs' complaint, they implicitly attack the reregistration process itself. CLA, as the voice of

---

[1]   Gowan Company does not oppose CLA's motion, but in consenting to this motion, does not wish to prejudice its pending intervention motion. Notwithstanding its membership in CLA, Gowan's interests as the sole registrant of ODM and the active registrant of technical methidathion, are not adequately represented by CLA, as evidenced by Gowan's prior pending motion to intervene in this action.

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- 1 -

NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SF:27290568.4

its members who are beneficiaries (along with the public at large, of course) of the FIFRA regulatory scheme, including the reregistration process at issue here, has an identifiable, significantly protectable interest in the integrity and finality of reregistration decisions, and in the integrity of the reregistration process itself.

We demonstrate herein that CLA should be permitted to intervene as of right in this action under Federal Rule of Civil Procedure 24(a)(2). Alternatively, should the Court conclude that CLA is not entitled to intervene as of right, then CLA should be allowed to intervene permissively under Rule 24(b)(2).[2]

## II. PROCEDURAL, REGULATORY AND FACTUAL BACKGROUND

### A. THE ACTION

Plaintiffs' complaint, filed in April 2008, seeks judicial review of REDs issued in 2006 regarding four organophosphate pesticides, on the following assertions:

Counts I – IV of the complaint allege in part that "EPA failed to conduct a full objective assessment of the benefits to growers and society from continued availability of each pesticide," Complaint at ¶¶ 118, 120, 122, 124, and that "EPA has no regulation or policy establishing a uniform process for assessing the benefits of pesticide uses that pose risks of concern to humans and/or wildlife," *id.* ¶ 128.

Count V alleges that "EPA acted arbitrarily, capriciously, and in violation of FIFRA by reregistering the four pesticides identified in the complaint "without filling the data gaps identified in the [Interim Registration Eligibility Decisions ("IREDs")] and without addressing the data and comments submitted in the IREDs." *Id.* ¶ 127.

Counts VI – IX allege that EPA violated the Endangered Species Act ("ESA") by reregistering the four pesticides "without completing the ESA-mandated consultations and without ensuring that the reregistered pesticide uses will not jeopardize the survival and recovery

---

[2] CLA is submitting a Stipulation and [Proposed] Order shortening time in order that its motion for leave to intervene is heard simultaneously with the intervention motion filed by Gowan Company, thereby saving resources of the Court and the parties, avoiding a separate hearing on similar issues, and putting all of the parties on the same procedural timeline.

- 2 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

of threatened and endangered species and will not destroy and/or adversely affect their critical habitat." *Id.* ¶ 132, 135, 138, 141.

In the Prayer for Relief, Plaintiffs seek, *inter alia*, (i) a declaratory judgment that EPA violated FIFRA and the ESA in reregistering the four pesticides; (ii) an order requiring EPA to make new reregistration eligibility decisions, based in part on a determination as to whether the benefits of the products outweigh the risks; and (iii) interim protective measures.

### B.  STATUTORY BACKGROUND AND REGULATORY SCHEME

#### 1.  FIFRA

FIFRA establishes a comprehensive regulatory scheme for the manufacture, distribution, sale and use of pesticides in the United States. *See* H.R. Rep. No. 92-511, at 1 (1972). Since 1972, the centerpiece of the regulatory program has been, and remains, the requirement that all pesticides must be "registered." FIFRA prohibits the distribution or sale of any pesticide that is not registered under the Act. FIFRA § 3(a); 7 U.S.C. § 136a(a). Before a pesticide may be registered, EPA must determine on the basis of scientific testing data that:

(A)  its composition is such as to warrant the proposed claims for it;

(B)  its labeling and other material required to be submitted comply with the requirements [of FIFRA];

(C)  it will perform its intended function without unreasonable adverse effects on the environment; and

(D)  it will not generally cause unreasonable adverse effects on the environment, when used in accordance with widespread and commonly recognized practice.

FIFRA § 3(c)(5); 7 U.S.C. § 136a(c)(5).

In 1988, Congress amended FIFRA to revamp Section 4, so as to require the "reregistration" of all pesticides registered before November 1, 1984. The new Section 4 required EPA to establish a formal and rigorous reregistration process, by which the Agency would conduct a complete review of these "older" pesticides for their potential effects on human health and the environment. FIFRA § 4; 7 U.S.C. § 136a-1. The process has five phases:

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- 3 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

1. Listing of the pesticide active ingredients to be reregistered;
2. Submission of notices indicating the intention of the registrants to seek reregistration and identifying data that are missing or inadequate to support registration and their commitment to replace such data;
3. Submission of summaries of existing studies, identification of any studies indicating adverse effects, and a commitment to submit additional data as needed;
4. Initial review of the information received from the registrants; and
5. Detailed review of all data submitted by the registrants and a determination whether the pesticide can be used without "unreasonable adverse effects on human health or the environment," a term of art that takes into account the "economic, social and environmental costs and benefits" its use.

*See* FIFRA § 4(b), 7 U.S.C. § 136a-1(b) (reregistration process); FIFRA § 4(bb), 7 U.S.C. § 136(bb) (definition of unreasonable adverse effects).

The reregistration process provides extensive opportunities for public participation. EPA procedures are designed to promote robust public involvement while making timely pesticide regulatory decisions. *See* 69 Fed. Reg. 26819 (May 14, 2004). EPA makes its reregistration decisions following its evaluation and public hearing. *Id.* at 26823.

Pesticides that are determined to meet current scientific and regulatory standards as a result of this review of old data and submission of new data may be declared "eligible" for reregistration. The results of EPA's reviews are summarized in REDs. Many, and perhaps most, REDs include risk reduction requirements such as application restrictions or personal protective equipment.

### 2. THE ESA

The ESA, 16 U.S.C. §§ 1531-44, was enacted in 1973 and has been amended on several occasions. Its goal is to protect and conserve endangered and threatened species. *National Association of Home Builders v. Defenders of Wildlife*, 127 S.Ct. 2518, 2528 (2007). The Act

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- 4 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

1   protects endangered species and threatened species that have been listed pursuant to the
2   rulemaking process described in Section 4 ("listed species"). 16 U.S.C. § 1533. As relevant to
3   this action, Section 7(a)(2) provides:

> Each Federal agency shall, in consultation with and with the assistance of the Secretary, insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any . . . [listed] species or result in the destruction or adverse modification of [designated critical] habit of such species.

16 U.S.C. § 1536(a)(2).

### C. CROPLIFE AMERICA

CLA is the national not-for-profit trade association for the plant science industry, representing producers, formulators and distributors of crop protection and pest control products. Declaration of Jay J. Vroom ("Vroom Decl.") ¶ 2, filed and served herewith. Organized in 1933, CLA is headquartered in Washington, D.C. *Id.* CLA's membership encompasses approximately forty manufacturers, formulators, and distributors of agricultural pesticides. *Id.* at ¶ 4. Collectively, these companies develop, manufacture, formulate, and distribute the active ingredients contained in virtually all of the herbicides, insecticides, fungicides, and other agricultural pesticides used by American farmers. *Id.* These products are essential for production of safe, high-quality, abundant and affordable food, fiber and other crops. *Id.*

CLA represents the interests of its members before Congress and state legislatures, and before federal and state agencies that regulate the manufacture, distribution, sale and use of these active ingredients and the products in which they are used. *Id.* at ¶ 6. As already discussed, at the federal level, the manufacture, distribution, sale and use of pesticides is regulated primarily by EPA pursuant to FIFRA. CLA's members who are manufacturers, formulators and distributors of pesticides hold FIFRA pesticide registrations. *Id.* CLA represents its members' interests before EPA, and before other federal agencies also involved in the regulation of pesticides, such as the United States Department of Agriculture and the Food and Drug Administration. *Id.*

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

CLA also represents its members' interests by monitoring related litigation to identify issues of concern to the crop protection and pest control industry, and participating in such actions when appropriate. *Id.* at ¶ 7. Whenever necessary, CLA participates as an intervenor, *amicus curiae*, or declarant in lawsuits which, like this one, threaten its members' interests by threatening to disrupt the operation of federal or state regulatory schemes for registration, labeling, sale, and use of pesticides. *Id.* CLA has participated as an intervenor in lawsuits that have challenged EPA's compliance with the ESA during FIFRA pesticide registrations. *Id.* CLA also filed an *amicus* brief in support of successful petitioners in *National Association of Home Builders v. Defenders of Wildlife*, 127 S.Ct. 2518 (2007), in which the Court rejected the argument that the ESA consultation provision applies to EPA's transfers of permit program authority to states under another statute it administers, the Clean Water Act. *Id.*

CLA and its members have been actively involved in the process of reregistration for pesticides under Section 4 of FIFRA since Congress mandated that requirement in the 1988 FIFRA Amendments. *Id.* at ¶ 6. Since the process began in 1988, EPA has evaluated many hundreds pesticides for reregistration and issued Reregistration Eligibility Decisions or "REDs" for approximately 360 pesticides, including the four pesticides that are the subject of the above-captioned action: methidathion, ODM, methamidophos and ethoprop. *Id.* at ¶ 5. EPA is scheduled to issue REDs for approximately 24 more pesticides in 2008. This will conclude the process. *Id.*

Two CLA members hold registrations for the four pesticides whose reregistrations are being challenged in this action. *Id.* at ¶ 5. Gowan Company, which has filed a motion for leave to intervene, set to be heard on July 7, 2008, is one of those members and owns registrations for the pesticide known as ODM and is the sole registrant for the pesticide known as methidathion. Bayer owns registrations for methamidophos and ethoprop. *Id.*

Collectively, in order to comply with the applicable provisions of FIFRA, CLA members have invested hundreds of millions of dollars in research and testing to support their respective registrations and reregistrations. *Id.* at ¶ 8. CLA and its members who are manufacturers, formulators and distributors of pesticides have a strong interest in the property and transactions

Aldridge LLP
Attorneys At Law
San Francisco

- 6 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

that are the subject of the above-captioned action. *Id.* Those interests include the registrations for the four pesticides that are threatened in this action, the reregistration decisions for those pesticides, the reregistration process itself, and the many other reregistration decisions that may be affected by the decision in this action. *Id.*

### III.    ARGUMENT

#### A.    CLA IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(A)(2)

An applicant is entitled to intervene as of right under Rule 24(a)(2) if four conditions are met: (1) the motion for leave to intervene is timely; (2) the applicant claims an identifiable, "significantly protectable interest" relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the existing parties to the action may represent the applicant's interest inadequately. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). These conditions are construed liberally in favor of intervention. *Id.* at 818. CLA's application meets all four conditions, for the reasons discussed below.

##### 1.    CLA'S MOTION IS TIMELY

In determining whether a motion is timely, the courts in this Circuit look to the following factors: (1) the state of the proceeding in which the applicant seeks to intervene; (2) the potential for prejudice to other parties; (3) and the reason for and length of any delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Of the three factors, the issue of prejudice to the original parties is considered paramount. *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

Plaintiffs filed this action only recently, on April 4, 2008. To CLA's knowledge, EPA has not yet filed its response to the complaint. The first Case Management Conference is scheduled for July 14, 2008. Thus, this action remains at the outset of litigation. At this very early stage, intervention will not prejudice the Plaintiffs or EPA at all. To the extent there has been any delay, it is only the natural lapse between the filing of the complaint and CLA's discovery of the action, a brief period for CLA and its members to undertake the necessary and deliberate consideration whether to intervene, and a reasonable time for counsel to prepare this application.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

Thus, the timeliness requirement is met. *See Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (intervention timely when motion made at outset of litigation).

### 2. CLA HAS IDENTIFIABLE, SIGNIFICANTLY PROTECTABLE INTERESTS THAT MAY BE IMPAIRED OR IMPEDED BY DISPOSITION OF THE ACTION[3]

The "significantly protectable interest" requirement is interpreted broadly and flexibly in favor of the applicant for intervention. *Sierra Club*, 995 F.2d at 1481. An applicant's interest is "significantly protectable" if it is protected by law and related to the plaintiffs' claims. *Alisal Water Corp.*, 370 F.3d at 919. It is clear that CLA has "interests" at stake in this action, and indisputable that those interests are "significantly protectable" for purposes of Rule 24(a)(2).

One of CLA's interests arises from the registrations for the four pesticides for which reregistration is challenged directly in the action. Gowan Company owns registrations for the pesticide known as ODM and is the sole registrant for the pesticide known as methidathion. Vroom Decl. ¶ 5. Bayer owns registrations for methamidophos and ethoprop. Both Gowan Company and Bayer are CLA members. *Id.*

Registrations are essentially government licenses to produce, distribute and sell pesticides. Registrations therefore constitute "property," and the decisions to issue registrations and allow reregistration are "transactions" for purposes of Rule 24(a)(2). These interests are protectable by law within the meaning of that Rule. *Natural Resources Defense Council v. EPA*, 99 F.R.D. 607, 609 (D.D.C. 1983) (pesticide manufacturer has "substantial and direct interest" to intervene in litigation challenging EPA's regulatory process). *See also Animal Protection Inst. v. Martin,* 241 F.R.D. 66 (D. Me. 2007) (licensed fur trappers granted leave to intervene in action under ESA to enjoin state agency from issuing licenses); *Verizon New England v. Maine Public Utilities Commission*, 229 F.R.D. 335, 337 (D. Me. 2005) (intervenors demonstrated valid interest for purposes of Rule 24(a)(2) by claiming to be "***direct and intended beneficiaries of a regulatory scheme*** designed to allow them to compete" (emphasis added)).

---

[3] Because the second and third requirements under Rule 24(a)(2) are so intertwined, they are discussed together here.

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- 8 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SF:27290568.4

CLA's other compelling interests arise from the nature of plaintiffs' claims. As summarized above, plaintiffs' challenges to the reregistration decisions for the pesticides at issue include claims that (1) EPA failed adequately to assess the benefits of these pesticides and that the Agency has no regulation or policy establishing a uniform process for assessing benefits of uses that pose risks to humans or wildlife, and (2) EPA violated the ESA by reregistering the four pesticides without completing assertedly ESA-mandated consultations to ensure that the pesticides will not jeopardize the threatened and endangered species or adversely affect their critical habitat. The first claim addresses the standard that applies and evidence that is required for registration (and thus, reregistration) under FIFRA; the second claim second addresses the relationship of requirements that apply to registration and reregistration under FIFRA and other requirements under the ESA, which may or may not apply in the context of the FIFRA reregistration process. The Prayer for Relief, moreover, seeks declaratory relief and injunctive relief that could cause EPA to reopen REDs and alter its reregistration processes and criteria in ways that would modify them or reach different reregistration decisions. Although those claims are directed in the first instance to the four pesticides at issue in this action, they implicitly attack the reregistration process itself.

As noted in the Declaration of Jay J. Vroom, CLA's membership encompasses producers, distributors, and formulators of pesticides, which hold FIFRA pesticide registrations. Vroom Decl. ¶ 6. Many of these registrations are for pesticides that are the subject of REDs, or for which reregistration decisions are pending. *Id.* at ¶¶ 5, 6. Thus, these CLA's members (along with the public at large) comprise the "direct and intended beneficiaries of a regulatory scheme" designed to regulate the sale and distribution of pesticides in the United States. Therefore, CLA has an identifiable, significantly protectable interest in the integrity and finality of reregistration decisions, and in the integrity of the reregistration process itself. *See Southwest Ctr. for Biological Diversity*, 268 F.3d at 818 (*citing Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1993)) ("significance" under Rule 24(a)(2) may be established on a showing that the relief sought by the plaintiff will have a direct, immediate, and harmful effect upon the interest); *see also* Vroom Decl. ¶¶ 5-6, 8-9.

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- 9 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

Finally, there is a procedural aspect to plaintiffs' claims that should be addressed here. By filing an action for judicial review in this Court, plaintiffs seek to circumvent fundamental jurisdictional boundaries imposed under FIFRA § 4(m), 7 U.S.C. § 136a-1(m), and FIFRA § 16, 7 U.S.C. § 136n. FIFRA § 4(m) provides that judicial review of any action required under Section 4 (Reregistration) shall be had under "procedures prescribed by FIFRA § 16(b)," which in turn provides for judicial review in the court of appeals, upon a petition for review that must be filed "within 60 days" of the "final order" from which review is sought. Thus, plaintiffs' action, filed in this district court nearly two years after the REDs at issue here became final, is jurisdictionally infirm, and untimely as well. CLA, through its members, has a significantly protectable interest in the application of these jurisdictional principles to the reregistration process, and in the protections that these principles provide from untimely, unmeritorious attacks upon the Agency's decisions to allow reregistration for their products. *See Southwest Ctr. for Biological Diversity*, 268 F.3d at 818.[4]

### 3.  THE EXISTING PARTIES MAY NOT PROTECT CLA'S INTERESTS ADEQUATELY

In determining whether the final criterion for intervention is met, the following factors apply: (1) whether the interest of a present party is such that it will undoubtedly make ***all*** of the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the intervenor would offer any necessary elements to the proceedings that the other parties would neglect. *Northwest Forest Resource Council v. Glickman*, 82 F.3d

---

[4] For all the reasons cited herein, CLA also meets the requirements for standing under Article III of the United States Constitution. Standing "is at least implicitly addressed by [the] requirement that the applicant must 'assert[] an interest relating to the property or transaction which is the subject of the action.'" *Southwest Ctr. for Biological Diversity*, 268 F.3d at 821 n. 3 (quoting *Portland Audubon Society v. Hodel*, 866 F.2d 302, 308, n.1 (9th Cir. 1989)). Thus, CLA's fulfillment of Rule 24(a)(2)'s requirements also establishes the three requirements for association standing: CLA's members otherwise would have standing to sue (or intervene) in their own right; the interests it seeks to protect are germane to its purpose; and neither the claim nor the relief requested requires the participation of individual members in the lawsuit. *See id.*; *see also National Rural Telecommunications Co-op. v. DIRECTV, Inc.,* 319 F.Supp.2d 1094, 1099 (C.D.Cal. 2003) (concluding that if applicant for intervention has a significant protectable interest in the actions pursuant to Rule 24(a)(2), the court will presume that it has standing to intervene).

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- 10 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

825, 838 (9th Cir. 1996). As the Ninth Circuit has stated, the burden of making the necessary showing "should be treated as minimal." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 823. *See also Natural Resources Defense Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (allowing industry trade association to intervene in action brought by environmental activist group against EPA).

It is clear that all of these criteria are satisfied. EPA, simply put, is not in a position to defend the interests of CLA and its members. EPA' interests as the governmental body that regulates pesticides necessarily differ from the interests of the regulated private parties that manufacture pesticides and own the registrations. Although these interests may overlap in some cases, they are not the same.

CLA concedes, of course, that EPA has a strong interest in defending the reregistration decisions challenged in this action and expect that the Agency will defend them vigorously. Moreover, CLA and its members support fully the goals of FIFRA and the public interest to prevent "unreasonable adverse effects" from the distribution and use of their products. Nevertheless, the interests of CLA and its members are at least their own private, economic interests, and legitimately so. Because EPA does not share in these private interests, EPA is not positioned to present the factual and legal arguments to protect the interests of CLA members. Rather, CLA anticipates that its and EPA's arguments may diverge. *See, e.g., Southwest Ctr. for Biological Diversity*, 268 F.3d at 823.

EPA and CLA further share a general interest in preserving the integrity of the FIFRA reregistration process and the finality of REDs. Nevertheless, CLA cannot expect that EPA would assert all of CLA's arguments, as illustrated in a similar lawsuit challenging the FIFRA reregistration process, *United Farm Workers of America v. EPA* (W.D.Wa., Case No. 2:04-cv-00099-RSM). In that case Intervenor filed a motion for summary judgment as to one of plaintiff's claims, arguing that the court lacked jurisdiction to hear it. EPA neither supported nor opposed Intervenor's motion and, on May 16, 2008, Judge Martinez granted it. Vroom Decl. ¶ 10 and Exhibit A thereto, n.2. CLA would expect the same reticence from EPA as to any similar jurisdictional challenge it may file.

McKenna Long & Aldridge LLP
Attorneys At Law
San Francisco

- 11 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

For similar reasons, the anticipated intervention by Gowan Company will not be sufficient to protect CLA interests. While, CLA concedes an obvious overlap of interests, Gowan Company is the owner of registrations of only two of the four reregistered pesticides at issue; the other registrations are owned by another CLA member. In this case, moreover, CLA's interests are more focused on the broader regulatory issues presented by plaintiffs' claims. Thus, if CLA's motion for leave to intervene were denied, CLA could not expect Gowan Company to defend the interests of CLA and its members. (Indeed, if CLA and its members believed that Gowan Company could represent CLA interests fully, then CLA would not have filed this motion). It is conceivable, for example, that plaintiffs, EPA and Gowan Company could find a way to settle plaintiffs' claims as they affect Gowan Company's products and registrations, in a manner that may compromise the interests of other CLA members with regard to other products, or on terms that place new burdens on the reregistration process to which CLA and its members might object. Vroom Decl. ¶ 11.

### B. ALTERNATIVELY, CLA SHOULD BE ALLOWED TO INTERVENE PERMISSIVELY

If the Court were to conclude that CLA is not entitled to intervene as of right, CLA would request that leave for permissive intervention be granted under Rule 24(b)(2). Under that Rule, the Court would need to determine only (1) that CLA's application is timely (as already proved above); and (2) that CLA's defenses present questions of law or fact in common with those presented by the plaintiffs' claims. Rule 24(b)(2) specifically dispenses with the "significant protectable interest" requirement of Rule 24(a)(2). *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 964, 1108 (9th Cir. 2002).

As to the second prong of Rule 24(b)(2), *Kootenai Tribe* is instructive. There, the Ninth Circuit held that private environmental groups lacked the significant protectable interest necessary to intervene as of right to defend a U.S. Forest Service Rule in an action under brought under the National Environmental Policy Act ("NEPA"). The court concluded, however, that permissive intervention was appropriate, stating that "the magnitude of this case is such that [the] Applicants' intervention [would] contribute to the equitable resolution of this case." *Id.* at 1111.

MCKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SF:27290568.4

1   This case also concerns issues of "significant magnitude." A ruling on the procedures by
2   which EPA makes its reregistration decisions will have far-reaching implications for ***all*** CLA
3   members who are producers, formulators or distributors of pesticides. The twenty-year-long
4   process of reregistering all pesticides "first registered before November 1, 1984" has been
5   extremely costly, time-consuming and burdensome for these CLA members (and for EPA).
6   Plaintiffs' eleventh-hour challenges to the reregistration process raise questions that are important
7   not only to them, but also to the regulated industry. In this regard, it is important that the
8   industry's voice be heard. As the Ninth Circuit ruled in *Kootenai Tribe,* permissive intervention
9   is warranted where it will round out and develop fully the factual and legal record, as it would in
10  this case, thereby enhancing judicial efficiency and fairness.

## IV. CONCLUSION

For the reasons above, CLA's motion for leave to intervene as or right or, alternatively, for permissive intervention, should be GRANTED.

Respectfully submitted,

Dated:   June 17, 2008           MCKENNA LONG & ALDRIDGE LLP


By: _____
STANLEY W. LANDFAIR
ANN G. GRIMALDI
DEBORAH L. CÔTÉ

Attorneys for Applicant-For-Intervention
CROPLIFE AMERICA

- 13 -
NOTICE OF MOTION AND UNOPPOSED MOTION OF CROPLIFE AMERICA FOR LEAVE TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SF:27290568.4