1   STANLEY W. LANDFAIR (BAR NO. 160003)
    slandfair@mckennalong.com
2   ANN G. GRIMALDI (BAR NO. 160893)
    agrimaldi@mckennalong.com
3   DEBORAH L. CÔTÉ (BAR NO. 148315)
    dcote@mckennalong.com
4   MCKENNA LONG & ALDRIDGE LLP
    101 California Street
5   41st Floor
    San Francisco, CA  94111
6   *Telephone:*    (415) 267-4000
    *Facsimile:*    (415) 267-4198
7
    Attorneys for Applicant-For-Intervention
8   CROPLIFE AMERICA

9               UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  PESTICIDE ACTION NETWORK            CASE NO. 3:08-CV-01814-MHP
    NORTH AMERICA; UNITED FARM
14  WORKERS, PINEROS Y CAMPESINOS       [PROPOSED] ANSWER OF INTERVENOR
    UNIDOS DEL NOROESTE; FARM           CROPLIFE AMERICA TO PLAINTIFFS'
15  LABOR ORGANIZING COMMITTEE;         COMPLAINT FOR DECLARATORY AND
    AFL-CIO; BEYOND PESTICIDES;         INJUNCTIVE RELIEF
16  NATURAL RESOURCES DEFENSE
    COUNCIL; SEA MAR COMMUNITY
17  HEALTH CENTER; TEAMSTERS
    LOCAL 890; and MOISES LOPEZ,
18
              Plaintiffs,
19
          v.
20
    U. S. ENVIRONMENTAL PROTECTION
21  AGENCY, an agency of the United States;
    STEPHEN L. JOHNSON, Administrator,
22  U. S. Environmental Protection Agency, in
    his official capacity,
23
              Defendants.
24

25

26       Intervenor CropLife America ( "CLA") hereby answers the unverified Complaint (the

27  "Complaint") of Plaintiffs PESTICIDE ACTION NETWORK NORTH AMERICA; UNITED

28  FARM WORKERS, PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; FARM LABOR

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   ORGANIZING COMMITTEE; AFL-CIO; BEYOND PESTICIDES; NATURAL RESOURCES

2   DEFENSE COUNCIL; SEA MAR COMMUNITY HEALTH CENTER; TEAMSTERS LOCAL

3   890; and MOISES LOPEZ ("Plaintiffs").

4       1.      Paragraph 1:  To the extent that the allegations therein purport to characterize the

5   nature of the Complaint rather than allegations of fact, no response from CLA is required.  CLA

6   denies all other allegations.

7       2.      Paragraph 2:  To the extent that the allegations in the first five words of the first

8   sentence are too vague and ambiguous to enable CLA to admit or deny same, no response from

9   CLA is required.  To the extent that a response may be deemed necessary, the allegations as

10  stated in the first five words of the first sentence are denied.  The remaining allegations set out in

11  this paragraph constitute conclusions of law rather than allegations of fact, and to that extent, no

12  response from CLA is required.

13      3.      Paragraph 3:  To the extent that the allegations constitute conclusions of law rather

14  than allegations of fact, no response from CLA is required.  CLA denies all other allegations.

15      4.      Paragraph 4:  To the extent that the allegations constitute conclusions of law rather

16  than allegations of fact, no response from CLA is required.  CLA denies all other allegations.

17      5.      Paragraph 5:  The allegations set forth in this paragraph constitute a

18  characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, and

19  therefore no response from CLA is required.

20      6.      Paragraph 6:  To the extent that the allegations constitute a characterization of

21  Plaintiffs' claims and conclusions of law rather than allegations of fact, no response from CLA is

22  required.

23

24  **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

25      7.      Paragraph 7:  To the extent that the allegations constitute a characterization of

26  Plaintiffs' claims and conclusions of law rather than allegations of fact, no response from CLA is

27  required.  With respect to a letter from Beyond Pesticides and NRDC to EPA dated January 31,

28  2008 which is appended as Exhibit A to the Complaint, CLA asserts that the document speaks for

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 2 -

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

1  itself.  To the extent that a response is required to factual allegations set forth in this paragraph,

2  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

3  allegations and therefore denies such allegations.

4        8.     Paragraph 8:  To the extent that the allegations constitute a characterization of

5  Plaintiffs' claims and conclusions of law rather than allegations of fact, no response from CLA is

6  required.  To the extent that a response is required to factual allegations set forth in this

7  paragraph, CLA is without sufficient information or knowledge to form a belief as to the truth of

8  the factual allegations and therefore denies such allegations.

9        9.     Paragraph 9:  To the extent that the allegations constitute a characterization of

10  Plaintiffs' claims and conclusions of law rather than allegations of fact, no response from CLA is

11  required.

12

13  **PARTIES**

14        10.    Paragraph 10:  To the extent that a response is required to factual allegations set

15  forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

16  the truth of the factual allegations and therefore denies such allegations.

17        11.    Paragraph 11:  To the extent that a response is required to factual allegations set

18  forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

19  the truth of the factual allegations and therefore denies such allegations.

20        12.    Paragraph 12:  To the extent that the allegations therein purport to characterize the

21  nature of the Complaint rather than allegations of fact, no response from CLA is required.  To the

22  extent that a response is required to factual allegations set forth in this paragraph, CLA is without

23  sufficient information or knowledge to form a belief as to the truth of the factual allegations and

24  therefore denies such allegations.

25        13.    Paragraph 13:  To the extent that the allegations therein purport to characterize the

26  nature of the Complaint rather than allegations of fact, no response from CLA is required.  To the

27  extent that a response is required to factual allegations set forth in this paragraph, CLA is without

28

1    sufficient information or knowledge to form a belief as to the truth of the factual allegations and

2    therefore denies such allegations.

3          14.    Paragraph 14:  To the extent that the allegations therein purport to characterize the

4    nature of the Complaint rather than allegations of fact, no response from CLA is required.  CLA

5    is without sufficient information or knowledge to form a belief as to the truth of the factual

6    allegations and therefore denies such allegations.

7          15.    Paragraph 15:  This paragraph characterizes the Federal Insecticide, Fungicide and

8    Rodenticide Act ("FIFRA"); CLA asserts that FIFRA speaks for itself and is the best evidence of

9    its contents.

10         16.    Paragraph 16:  This paragraph characterizes FIFRA; CLA asserts that FIFRA

11   speaks for itself and is the best evidence of its contents.

12         17.    Paragraph 17:  This paragraph characterizes FIFRA; CLA asserts that FIFRA

13   speaks for itself and is the best evidence of its contents.

14         18.    Paragraph 18:  This paragraph characterizes FIFRA; CLA asserts that FIFRA

15   speaks for itself and is the best evidence of its contents.

16         19.    Paragraph 19:  To the extent that a response is required to factual allegations set

17   forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

18   the truth of the factual allegations and therefore denies such allegations.

19         20.    Paragraph 20:  To the extent that a response is required to factual allegations set

20   forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

21   the truth of the factual allegations and therefore denies such allegations.

22         21.    Paragraph 21:  To the extent that a response is required to factual allegations set

23   forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

24   the truth of the factual allegations and therefore denies such allegations.

25         22.    Paragraph 22:  To the extent that a response is required to factual allegations set

26   forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

27   the truth of the factual allegations and therefore denies such allegations.

28

1    23.    Paragraph 23:  To the extent that a response is required to factual allegations set

2    forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

3    the truth of the factual allegations and therefore denies such allegations.

4    24.    Paragraph 24:  To the extent that a response is required to factual allegations set

5    forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

6    the truth of the factual allegations and therefore denies such allegations.

7    25.    Paragraph 25:  To the extent that the allegations constitute conclusions of law

8    rather than allegations of fact, no response from CLA is required.  As to all other allegations,

9    CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

10   allegations and therefore denies such allegations.

11   26.    Paragraph 26:  To the extent that a response is required to factual allegations set

12   forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to

13   the truth of the factual allegations and therefore denies such allegations.

14   27.    Paragraph 27:  To the extent that the allegations constitute conclusions of law

15   rather than allegations of fact, no response from CLA is required.  CLA denies all remaining

16   allegations.

17   28.    Paragraph 28:  To the extent that the allegations constitute conclusions of law

18   rather than allegations of fact, no response from CLA is required.  CLA denies all remaining

19   allegations.

20   29.    Paragraph 29:  This paragraph characterizes FIFRA speaks for itself and is the best

21   evidence of its contents.  No response is required.

22   30.    Paragraph 30:  This paragraph characterizes the Food Quality Protection Act

23   ("FQPA") and FIFRA; CLA asserts that FQPA and FIFRA speak for themselves and are the best

24   evidence of their content.  No response is required.

25   31.    Paragraph 31:  This paragraph characterizes the Endangered Species Act ("ESA")

26   which speaks for itself and is the best evidence of its contents.  No response is required.

27   32.    Paragraph 32:  This paragraph characterizes Title 50, Part 402, Section 14 of the

28   Code of Federal Regulations and a document published at page 19,949 of the June 3, 1986 issue

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 5 -

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

1    of the *Federal Register*, which documents speak for themselves and are the best evidence of their

2    contents. No response is required.

3         33.    Paragraph 33: This paragraph characterizes the ESA, which speaks for itself and

4    is the best evidence of its contents. No response is required.

5         34.    Paragraph 34: This paragraph characterizes the ESA, which speaks for itself and

6    is the best evidence of its contents. No response is required.

7         35.    Paragraph 35: CLA admits the first sentence of Paragraph 35. To the extent that a

8    response is required to factual allegations set forth in this paragraph, CLA is without sufficient

9    information or knowledge to form a belief as to the truth of the factual allegations and therefore

10   denies such allegations.

11        36.    Paragraph 36: CLA is without sufficient information or knowledge to form a

12   belief as to the truth of the factual allegations and therefore denies such allegations.

13        37.    Paragraph 37: CLA is without sufficient information or knowledge to form a

14   belief as to the truth of the factual allegations and therefore denies such allegations.

15        38.    Paragraph 38: To the extent that the allegations constitute conclusions of law

16   rather than allegations of fact, no response from CLA is required. As to all other allegations,

17   CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

18   allegations and therefore denies such allegations.

19        39.    Paragraph 39: On information and belief, CLA admits the allegations of

20   Paragraph 39.

21        40.    Paragraph 40: CLA is without sufficient information or knowledge to form a

22   belief as to the truth of the factual allegations and therefore denies such allegations.

23        41.    Paragraph 41: CLA is without sufficient information or knowledge to form a

24   belief as to the truth of the factual allegations and therefore denies such allegations.

25        42.    Paragraph 42: On information and belief, CLA admits the allegation that the

26   *Methidathion Interim Reregistration Eligibility Decision* ("Methidathion IRED") was signed on

27   September 28, 2001. As to all other allegations, CLA is without sufficient information or

28

1  knowledge to form a belief as to the truth of the factual allegations and therefore denies such

2  allegations.

3       43.    Paragraph 43:  The allegations of Paragraph 43 refer to unspecified reports and are

4  vague and ambiguous and therefore CLA denies such allegations.

5       44.    Paragraph 44:  The allegations of the first sentence of Paragraph 44 are vague and

6  ambiguous and therefore CLA denies such allegations.  As to all other allegations, CLA is

7  without sufficient information or knowledge to form a belief as to the truth of the factual

8  allegations and therefore denies such allegations.

9       45.    Paragraph 45:  This paragraph characterizes a May 2007 proposal of the California

10  Department of Pesticide Regulation; CLA asserts that the document speaks for itself and is the

11  best evidence of its contents.  No response is required.

12       46.    Paragraph 46:  This paragraph characterizes an EPA Federal Register document

13  published at 72 Fed. Reg. 33,486 (June 18, 2007); CLA asserts that the document speaks for itself

14  and is the best evidence of its contents.  No response is required.

15       47.    Paragraph 47:  To the extent that the allegations constitute conclusions of law

16  rather than allegations of fact, no response from CLA is required.  CLA is without sufficient

17  information or knowledge to form a belief as to the truth of the factual allegations and therefore

18  denies such allegations.

19       48.    Paragraph 48:  This paragraph characterizes unspecified reports; CLA asserts that

20  the documents speak for themselves and are the best evidence of their contents.  No response is

21  required.

22       49.    Paragraph 49:  This paragraph characterizes the Methidathion IRED; CLA asserts

23  that the document speaks for itself and is the best evidence of its contents.  No response is

24  required.

25       50.    Paragraph 50:  This paragraph characterizes EPA's published assessment of

26  children's risks from Methidathion exposure; CLA asserts that the document speaks for itself and

27  is the best evidence of its contents.  No response is required.

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 7 -
[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

51.     Paragraph 51:  This paragraph characterizes the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  No response is required.

52.     Paragraph 52:  This paragraph characterizes the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  No response is required.

53.     Paragraph 53:  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations in the first and second sentence of this paragraph and therefore denies such allegations.  The third and forth sentence of this paragraph characterize the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  No response is required

54.     Paragraph 54:  To the extent that a response is required to factual allegations set forth in this paragraph, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

55.     Paragraph 55:  To the extent that the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

56.     Paragraph 56:  To the extent that the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

57.     Paragraph 57:  This paragraph characterizes the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  No response is required.

58.     Paragraph 58:  This paragraph characterizes the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  No response is required.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 8 -

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

1    59.    Paragraph 59: This paragraph characterizes the *Oxydemeton-methyl Interim Re-*

2    *registration Eligibility Decision* ("ODM IRED"); CLA asserts that the document speaks for itself

3    and is the best evidence of its contents. No response is required.

4    60.    Paragraph 60: This paragraph characterizes the ODM IRED; CLA asserts that the

5    document speaks for itself and is the best evidence of its contents. No response is required.

6    61.    Paragraph 61: This paragraph characterizes the IRED for ODM and an

7    amendment to the IRED; CLA asserts that the documents speak for themselves and are the best

8    evidence of their contents. No response is required.

9    62.    Paragraph 62: To the extent this paragraph characterizes the document "Fields of

10   Poisons 2002 California Farmworkers and Pesticides," and an EPA memorandum summarizing

11   incidents reports concerning ODM, CLA asserts that the documents speak for themselves and are

12   the best evidence of their contents. As to all other allegations, CLA is without sufficient

13   information or knowledge to form a belief as to the truth of the factual allegations and therefore

14   denies such allegations.

15   63.    Paragraph 63: This paragraph characterizes the ODM IRED; CLA asserts that the

16   document speaks for itself and is the best evidence of its contents. No response is required.

17   64.    Paragraph 64: This paragraph characterizes the ODM IRED; CLA asserts that the

18   document speaks for itself and is the best evidence of its contents. As to all other allegations,

19   CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

20   allegations and therefore denies such allegations.

21   65.    Paragraph 65: This paragraph characterizes the ODM IRED; CLA asserts that the

22   document speaks for itself and is the best evidence of its contents. To the extent that the

23   allegations constitute conclusions of law rather than allegations of fact, no response from CLA is

24   required. CLA denies all other allegations.

25   66.    Paragraph 66: This paragraph characterizes the ODM IRED; CLA asserts that the

26   document speaks for itself and is the best evidence of its contents. As to all other allegations,

27   CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

28   allegations and therefore denies such allegations.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 9 -

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

1      67.     Paragraph 67: This paragraph characterizes am EPA memorandum summarizing

2  incidents reports concerning ODM; CLA asserts that the document speaks for itself and is the best

3  evidence of its contents.

4      68.     Paragraph 68: This paragraph characterizes the ODM IRED; CLA asserts that the

5  document speaks for itself and is the best evidence of its contents. To the extent that the

6  allegations constitute conclusions of law rather than allegations of fact, no response from CLA is

7  required. CLA denies all other allegations.

8      69.     Paragraph 69: This paragraph characterizes the ODM IRED; CLA asserts that the

9  document speaks for itself and is the best evidence of its contents. As to all other allegations,

10  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

11  allegations and therefore denies such allegations.

12      70.     Paragraph 70: This paragraph characterizes the ODM IRED; CLA asserts that the

13  document speaks for itself and is the best evidence of its contents. As to all other allegations,

14  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

15  allegations and therefore denies such allegations.

16      71.     Paragraph 71: This paragraph characterizes the ODM IRED and the *Oxydemeton-*

17  *methyl Re-registration Eligibility Decision* ("ODM RED"); CLA asserts that the documents speak

18  for themselves and are the best evidence of their contents. As to all other allegations, CLA is

19  without sufficient information or knowledge to form a belief as to the truth of the factual

20  allegations and therefore denies such allegations.

21      72.     Paragraph 72: This paragraph characterizes the ODM IRED and a biological

22  opinion issued by the U.S. Fish and Wildlife Service ("FWS") in 1989; CLA asserts that the

23  documents speak for themselves and are the best evidence of their contents. As to all other

24  allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of

25  the factual allegations and therefore denies such allegations.

26      73.     Paragraph 73: This paragraph characterizes the ODM IRED; CLA asserts that the

27  document speaks for itself and is the best evidence of its contents. As to all other allegations,

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 10 -

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

1  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

2  allegations and therefore denies such allegations.

3      74.     Paragraph 74:  CLA is without sufficient information or knowledge to form a

4  belief as to the truth of the factual allegations and therefore denies such allegations.

5      75.     Paragraph 75:  This paragraph characterizes the ODM IRED; CLA asserts that the

6  document speaks for itself and is the best evidence of its contents.  As to all other allegations,

7  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

8  allegations and therefore denies such allegations.

9      76.     Paragraph 76:  This paragraph characterizes the ODM IRED; CLA asserts that the

10  document speaks for itself and is the best evidence of its contents.  As to all other allegations,

11  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

12  allegations and therefore denies such allegations.

13      77.     Paragraph 77:  This paragraph characterizes the Methamidophos Interim Re-

14  registration Eligibility Decision ("Methamidophos IRED"); CLA asserts that the document

15  speaks for itself and is the best evidence of its contents.  As to all other allegations, CLA is

16  without sufficient information or knowledge to form a belief as to the truth of the factual

17  allegations and therefore denies such allegations.

18      78.     Paragraph 78:  This paragraph characterizes the Methamidophos IRED; CLA

19  asserts that the document speaks for itself and is the best evidence of its contents.

20      79.     Paragraph 79:  This paragraph characterizes the IRED and the Methamidophos

21  RED; CLA asserts that the documents speak for themselves and are the best evidence of their

22  contents.

23      80.     Paragraph 80:  This paragraph characterizes the Methamidophos IRED; CLA

24  asserts that the document speaks for itself and is the best evidence of its contents.

25      81.     Paragraph 81:  This paragraph characterizes the EPA's 1999 assessment of

26  incident reports and Poison Control Center data from 1985-1992; CLA asserts that the documents

27  speak for themselves and are the best evidence of their contents.

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 11 -

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

82.     Paragraph 82:  This paragraph characterizes the EPA Federal Register notice published at 72 Fed. Reg. 33,486 (June 18, 2007), and the Methamidophos IRED; CLA asserts that the documents speak for themselves and are the best evidence of their contents.

83.     Paragraph 83:  This paragraph characterizes the Methamidophos IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.

84.     Paragraph 84:  This paragraph characterizes the EPA assessment and the Methamidophos IRED; CLA asserts that the documents speak for themselves and are the best evidence of their contents.  As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

85.     Paragraph 85:  This paragraph characterizes the Methamidophos IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

86.     Paragraph 86:  This paragraph characterizes an unspecified 2004 study and an EPA memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006; CLA asserts that the documents speak for themselves and are the best evidence of their contents.  As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

87.     Paragraph 87:  This paragraph characterizes the Methamidophos IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.

88.     Paragraph 88:  This paragraph characterizes the Methamidophos IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

89.     Paragraph 89:  This paragraph characterizes the Methamidophos IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other

McKenna Long & Aldridge LLP Attorneys At Law San Francisco

1   allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of

2   the factual allegations and therefore denies such allegations.

3       90.    Paragraph 90: This paragraph characterizes the Methamidophos IRED; CLA

4   asserts that the document speaks for itself and is the best evidence of its contents. As to all other

5   allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of

6   the factual allegations and therefore denies such allegations.

7       91.    Paragraph 91: This paragraph characterizes the Methamidophos IRED; CLA

8   asserts that the document speaks for itself and is the best evidence of its contents. As to all other

9   allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of

10  the factual allegations and therefore denies such allegations.

11      92.    Paragraph 92: CLA is without sufficient information or knowledge to form a

12  belief as to the truth of the factual allegations and therefore denies such allegations.

13      93.    Paragraph 93: This paragraph characterizes the Methamidophos IRED; CLA

14  asserts that the document speaks for itself and is the best evidence of its contents.

15      94.    Paragraph 94: This paragraph characterizes the Methamidophos IRED; CLA

16  asserts that the document speaks for itself and is the best evidence of its contents.

17      95.    Paragraph 95: This paragraph characterizes the Ethoprop Interim Re-registration

18  Eligibility Decision ("Ethoprop IRED"); CLA asserts that the document speaks for itself and is

19  the best evidence of its contents. As to all other allegations, CLA is without sufficient

20  information or knowledge to form a belief as to the truth of the factual allegations and therefore

21  denies such allegations.

22      96.    Paragraph 96: This paragraph characterizes the IRED for Ethoprop, an

23  amendment to the IRED and the Ethoprop RED; CLA asserts that the documents speak for

24  themselves and are the best evidence of their contents.

25      97.    Paragraph 97: This paragraph characterizes the Ethoprop IRED; CLA asserts that

26  the document speaks for itself and is the best evidence of its contents.

27      98.    Paragraph 98: This paragraph characterizes the Ethoprop IRED; CLA asserts that

28  the document speaks for itself and is the best evidence of its contents.

99.    Paragraph 99:  This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.

100.    Paragraph 100:  This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

101.    Paragraph 101:  This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.

102.    Paragraph 102:  This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.

103.    Paragraph 103:  This paragraph characterizes the Ethoprop IRED, a registrant-generated biomonitoring study of Ethoprop, and the Ethoprop IRED Addendum; CLA asserts that the documents speak for themselves and are the best evidence of their contents.

104.    Paragraph 104:  This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.

105.    Paragraph 105:  This paragraph characterizes the a 1998 California Air Resources Board Study; CLA asserts that the document speaks for itself and is the best evidence of its contents.

106.    Paragraph 106:  This paragraph characterizes the Ethoprop IRED and EPA's aggregate risk assessment of Ethoprop; CLA asserts that the documents speak for themselves and are the best evidence of their contents.  As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

107.    Paragraph 107:  This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

108.    Paragraph 108: This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents. As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

109.    Paragraph 109: This paragraph characterizes the Ethoprop IRED and Ethoprop: Analysis of Risks to Endangered and Threatened Pacific Salmon and Steelhead ("Ethoprop Analysis"); CLA asserts that the documents speak for themselves and are the best evidence of their contents. As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

110.    Paragraph 110: This paragraph characterizes the unidentified biological opinions issued by FWS in the 1980's and Ethoprop IRED; CLA asserts that the documents speak for themselves and are the best evidence of their contents. As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

111.    Paragraph 111: This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents. As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

112.    Paragraph 112: On information and belief, CLA admits the first sentence of paragraph 112. As to the portion of this paragraph that characterizes the 2006 Addendum to the Ethoprop ERED, CLA asserts that the document speaks for itself and is the best evidence of its contents. As to all other allegations, CLA is without sufficient information or knowledge to form a belief as to the truth of the factual allegations and therefore denies such allegations.

113.    Paragraph 113: This paragraph characterizes the 2006 Addendum to the Ethoprop ERED, CLA asserts that the document speaks for itself and is the best evidence of its contents. As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

114.    Paragraph 114: This paragraph characterizes the 2006 Addendum to the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents. As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

115.    Paragraph 115: This paragraph characterizes the 2006 Addendum to the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.

116.    Paragraph 116: This paragraph characterizes FIFRA; CLA asserts that the document speaks for itself and is the best evidence of its contents.

117.    Paragraph 117: This paragraph contains conclusions of law rather than allegations of fact, no response from CLA is required.

118.    Paragraph 118: This paragraph characterizes the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents. As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

119.    Paragraph 119: This paragraph characterizes FIFRA, Methidathion IRED and the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006; CLA asserts that the documents speak for themselves and are the best evidence of their contents. . As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

120.    Paragraph 120: This paragraph characterizes the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents. As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

121.    Paragraph 121: This paragraph characterizes FIFRA, Methidathion IRED and the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006; CLA asserts that the documents speak for themselves and are the best evidence of their contents. . As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

122.     Paragraph 122:  This paragraph characterizes the Methidathion IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

123.     Paragraph 123:  This paragraph characterizes FIFRA, Methidathion IRED and the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006; CLA asserts that the documents speak for themselves and are the best evidence of their contents.  As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

124.     Paragraph 124:  This paragraph characterizes the Ethoprop IRED; CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

125.     Paragraph 125:  This paragraph characterizes FIFRA, Methidathion IRED and the EPA Memorandum Finalizing IREDs for Organophosphate Pesticides, July 31, 2006; CLA asserts that the documents speak for themselves and are the best evidence of their contents.  As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

126.     Paragraph 126:  This paragraph characterizes ODM, Methamidophos and Ethoprop IREDs; CLA asserts that the documents speak for themselves and are the best evidence of their contents.

127.     Paragraph 127:  On information and belief, CLA admits the first sentence of paragraph 127.  As to the portion of this paragraph that characterizes the 2006 Organophosphate Cumulative Risk Assessment, CLA asserts that the document speaks for itself and is the best evidence of its contents.  As to all other allegations, the allegations constitute conclusions of law rather than allegations of fact, no response from CLA is required.

128.     Paragraph 128:  This paragraph characterizes the ESA and Title 50, Part 402, Section 14 of the Code of Federal Regulations; CLA asserts that the documents speak for

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 17 -

1   themselves and are the best evidence of their contents.  The third sentence in this paragraph

2   contains allegations that constitute conclusions of law rather than allegations of fact, no response

3   from CLA is required.  As to all other allegations, CLA is without sufficient information or

4   knowledge to form a belief as to the truth of the factual allegations and therefore denies such

5   allegations.

6       129.    Paragraph 129:  This paragraph characterizes the ESA and Title 50, Part 402,

7   Section 14 of the Code of Federal Regulations; CLA asserts that the documents speak for

8   themselves and are the best evidence of their contents.  The second sentence in this paragraph

9   contains allegations that constitute conclusions of law rather than allegations of fact, no response

10  from CLA is required.  As to all other allegations, CLA is without sufficient information or

11  knowledge to form a belief as to the truth of the factual allegations and therefore denies such

12  allegations.

13      130.    Paragraph 130:  This paragraph characterizes the ESA; CLA asserts that the

14  document speaks for itself and is the best evidence of its contents.  As to all other allegations,

15  CLA is without sufficient information or knowledge to form a belief as to the truth of the factual

16  allegations and therefore denies such allegations.

17      131.    Paragraph 131:  This paragraph characterizes and/or quote unidentified ecological

18  risk assessments prepared for methidathion; CLA asserts that the documents speak for themselves

19  and are the best evidence of their contents.  The second sentence in this paragraph contains

20  allegations that constitute conclusions of law rather than allegations of fact, no response from

21  CLA is required.  As to all other allegations, CLA is without sufficient information or knowledge

22  to form a belief as to the truth of the factual allegations and therefore denies such allegations.

23      132.    Paragraph 132:  The allegations set forth in this paragraph constitute a

24  characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

25  response from CLA is required.

26      133.    Paragraph 133:  To the extent the allegations set forth in this paragraph constitute a

27  characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

28  response from CLA is required.  As to all other allegations, CLA is without sufficient information

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

1  or knowledge to form a belief as to the truth of the factual allegations and therefore denies such

2  allegations.

3         134.    Paragraph 134:  This paragraph characterizes and/or quotes unidentified ecological

4  risk assessments prepared for ODM; CLA asserts that the documents speak for themselves and

5  are the best evidence of their contents.  As to all other allegations, CLA is without sufficient

6  information or knowledge to form a belief as to the truth of the factual allegations and therefore

7  denies such allegations.

8         135.    Paragraph 135:  The allegations set forth in this paragraph constitute a

9  characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact; no

10 response from CLA is required.

11        136.    Paragraph 136:  To the extent the allegations set forth in this paragraph constitute a

12 characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

13 response from CLA is required.  As to all other allegations, CLA is without sufficient information

14 or knowledge to form a belief as to the truth of the factual allegations and therefore denies such

15 allegations.

16        137.    Paragraph 137:  This paragraph characterizes and/or quotes unidentified ecological

17 risk assessments prepared for methamidophos; CLA asserts that the documents speak for

18 themselves and are the best evidence of their contents.  As to all other allegations, CLA is without

19 sufficient information or knowledge to form a belief as to the truth of the factual allegations and

20 therefore denies such allegations.

21        138.    Paragraph 138:  The allegations set forth in this paragraph constitute a

22 characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

23 response from CLA is required.

24        139.    Paragraph 139:  To the extent the allegations set forth in this paragraph constitute a

25 characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

26 response from CLA is required.  As to all other allegations, CLA is without sufficient information

27 or knowledge to form a belief as to the truth of the factual allegations and therefore denies such

28 allegations.

1    140.    Paragraph 140: To the extent the allegations set forth in this paragraph constitute a

2  characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

3  response from CLA is required. As to all other allegations, CLA is without sufficient information

4  or knowledge to form a belief as to the truth of the factual allegations and therefore denies such

5  allegations.

6    141.    Paragraph 141: The allegations set forth in this paragraph constitute a

7  characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

8  response from CLA is required.

9    142.    Paragraph 142: To the extent the allegations set forth in this paragraph constitute a

10  characterization of Plaintiffs' claims and conclusions of law rather than allegations of fact, no

11  response from CLA is required. As to all other allegations, CLA is without sufficient information

12  or knowledge to form a belief as to the truth of the factual allegations and therefore denies such

13  allegations.

14

15                                    PRAYER FOR RELIEF

16    143.    The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and

17  requires no response. To the extent a response is required, CLA denies that Plaintiffs are entitled

18  to any relief whatsoever.

19

20                                    GENERAL DENIAL

21    144.    CLA hereby denies each and every allegation, explicit and implicit, in Plaintiffs'

22  Complaint not specifically admitted, denied, or qualified herein, including Plaintiffs' claims and

23  requests for relief.

24

25                                    AFFIRMATIVE DEFENSES

26    145.    As separate and distinct defenses to Plaintiffs' claims for relief, CLA alleges as

27  follows:

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

SF:27291197.2

1

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

2

3    146.    The Complaint fails to state a claim upon which relief may be granted.

4

5

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

6

7    147.    Each and every claim is barred by the doctrine of unclean hands.

8

9

## THIRD AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

10

11    148.    Each and every claim is barred by the applicable statutes of limitations, including

12    but not limited to FIFRA § 16(b), 7 U.S.C § 136n(b).

13

14

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

15

16    149.    Each and every claim is barred by the doctrine of laches because CLA has suffered

17    prejudice through Plaintiffs' unreasonable delay in raising the claims upon which this action is

18    brought.

19

20

## FIFTH AFFIRMATIVE DEFENSE
### (Acquiescence)

21

22    150.    Each and every claim is barred because Plaintiffs, and each of them, have known

23    of the re-registration process and have acquiesced to such process.

24

25

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

26

27    151.    Each and every claim is barred by the doctrine of estoppel.

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

1

## SEVENTH AFFIRMATIVE DEFENSE
### (Misrepresentation)

2

3      152.    CLA asserts on information and belief that Plaintiffs, and each of them, are

4   misrepresenting their connection with the EPA re-registration process.

5

6

## EIGHTH AFFIRMATIVE DEFENSE
### (Declaratory Relief)

7

8      153.    The Complaint fails to state a sufficient basis for declaratory relief and/or such

9   declaratory relief would be inconsistent with federal law

10

11

## NINTH AFFIRMATIVE DEFENSE
### (Standing)

12

13      154.    Plaintiffs lack standing to bring their claims and they should not be entertained by

14   this Court.

15

16

## TENTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Not Proper)

17

18      155.    The Complaint fails to state a sufficient basis for injunctive relief, in that there is

19   no threat of immediate or irreparable harm and/or such injunctive relief would be inconsistent

20   with federal law.

21

22

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Relief Not Proper)

23

24      156.    The Complaint fails to state a sufficient basis for the Court to grant any equitable

25   relief because an adequate remedy exists at law.

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2

1

## TWELFTH AFFIRMATIVE DEFENSE
### (Justification)

2

3      157.    The conduct and activities of CLA alleged in the Complaint were at all times fully

4      justified and in good faith.

5

6      ## THIRTEENTH AFFIRMATIVE DEFENSE
       ### (No Jurisdiction)

7      158.    This Court has no subject matter jurisdiction over Plaintiffs' claims.

8

9

10     ## PRAYER FOR RELIEF

11     WHEREFORE, CLA respectfully requests:

12     1.    That Plaintiffs take nothing by their Complaint;

13     2.    That the Complaint be dismissed with prejudice and that the Court enter judgment

14          in favor of CLA;

15     3.    That CLA be awarded its costs of suit, including reasonable attorneys' fees; and

16     4.    Such other relief as the Court may deem just and proper.

17

18     Dated:    _____          MCKENNA LONG & ALDRIDGE LLP

19

20                                  By:_____
                                         STANLEY W. LANDFAIR
21                                       ANN G. GRIMALDI
                                         DEBORAH L. CÔTÉ
22
                                       Attorneys for Intervenor
23                                     CROPLIFE AMERICA

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ANSWER OF INTERVENOR CROPLIFE AMERICA TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
SF:27291197.2